(No. 4840. April 28, 1928.)

ROSCOE HAMILTON et al., Respondents, v. W. G. SWENDSEN, Commissioner of Reclamation of the State of Idaho, et al., Respondents; STATE, Intervenor and Appellant.

[267 Pac. 229.]

176

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Appellant.

W. W. Adamson, for Respondents.

ENSIGN, Commissioner.—This is an appeal from a judgment of the district court for Custer county, rendered on the seventeenth day of February, 1926, adjudicating the waters of the Pahsimaroi River and its tributaries, in which it is sought by the intervenor, state of Idaho, and appellant here, to test the authority of the court in refusing to determine and adjudge the proportionate amount to be paid by each party to the action for an agricultural examination and survey made by the department of reclamation pursuant to an order of said court, and to assess the same against all of said parties as costs; said appeal involving an interpretation of C. S., secs. 5604 and 7032.

The facts in substance are as follows:

The complaint in said action was filed June 10, 1919, and on March 20, 1920, as provided by secs. 5604 and 7032, *supra*, the court made an order requesting the department of reclamation to make a survey and examination of the streams, canals and ditches involved in said action, together with the lands irrigated therefrom as well as lands susceptible to such irrigation, and to prepare a map as provided in said sections showing such streams, canals and ditches and the lands thereunder, accompanied by a statement giving the condition of such work, the capacity of said canals and ditches and the amount of land irrigated therefrom, and other essential features in relation to the reclamation of said lands, for use as evidence in said cause.

Pursuant to the order, the department of reclamation made such examination and survey and prepared a map and statement which was apparently complete in all particulars except that no showing of the capacities of the various ditches and canals was included, and did not file the same or a copy thereof with the court. Thereafter the commissioner of reclamation made in duplicate an itemized statement of expenses as provided for and forwarded them to the state auditor, who presented said statement to the state board of examiners; the same being allowed by said board in the sum of $3,014.99, and in due time paid by the state

treasurer; said sum being certified, as required by law, by the state auditor to the judge and clerk of said court on April 23, 1921.

The case was heard before a referee on the eleventh day of August, 1924, and on the following day the provisions of the decree were stipulated, and findings made by the referee on September 1, 1924. On March 25, 1925, appellant intervened and filed an affidavit of the state auditor showing that the itemized statement of expenses heretofore referred to had been certified to the judge and clerk as provided by law; it appearing that the original certificate or statement could not be found in the files of the court. At said time the court permitted appellant to file a copy of the map and statement prepared by the department of reclamation under said order of March 20, 1920. On February 17, 1926, the court entered an order denying appellant's motion to tax the expense of the survey as costs therein and thereafter rendered judgment, omitting to determine the proportionate share of such costs to be borne by the parties to the action and to include such costs therein.

From this judgment appellant prosecutes this appeal and assigns as error the failure of the court to adjudge and determine the proportionate amount of the examination and survey to be paid by each party to the suit, as also its denial of appellant's motion to tax such expense as costs.

Section 5604, *supra*, provides in the main for an examination and survey by the department of reclamation of all of the streams of the state, and the works diverting water therefrom, together with measurements of the discharge of water therefrom; the carrying capacity of the various diverting ditches and canals; an examination of the irrigated lands and their appropriate measurements, as also those susceptible of irrigation from said ditches and canals; all of which observations are required to be reduced to writing and made a part of the records of said department's office. It is also provided that the department shall pre-

pare a map, showing in detail the results of said observations and measurements to include all the streams used for irrigation in the state, etc.

Sec. 7032, *supra,* provides the means by which such map and detailed statement may be made available for use and "accepted as evidence" in an action in court for the adjudication of water rights, and directs the judge thereof, before such adjudication is made, to request the same from the department of reclamation for use as aforesaid, either by making an examination of the streams and lands involved and preparing a map and statement as designated in the statute, including, among other things, information or data as to the capacity of the various ditches and canals in question, or by furnishing the court with certified copies thereof to be "filed and received as evidence in such case as in this section provided," should the examination, the map and the statement have been previously made and prepared as provided in sec. 5604, *supra.* Sec. 7032, *supra,* further provides for the payment of the expense of such examination, map and detailed statement, and requires the court in its final judgment to determine "the proportionate amount of such cost of examination and survey to be paid by each of the parties to" the suit, etc. Further provision is made for the assessment of the same as costs, later to be placed upon the assessment-roll of the county in which the lands are located and collected as other public taxes, etc.

Appellant contends that sec. 7032, *supra,* does not require the filing of the map and statement with the court; that the court's order made no such requirement, and that the department's failure to so file the same was immaterial in view of the subsequent settlement of the case on stipulated findings before the referee. It is further urged by appellant that the work necessary to obtain data as to the capacity of the various ditches and canals would have materially increased the cost of the examination and survey and of the resulting map and statement; hence the omission.

We think the purpose and intent of sec. 7032, *supra,* is clearly disclosed, to wit, a duty is imposed upon the department of reclamation to obtain, upon request or order of the court, certain data and information specified therein for use as evidence, and to place the court in possession of the same; otherwise by withholding such information, the object of the statute, and its intended benefit to court and litigants, would, as in this case, be defeated. We think a liberal construction of the provisions of said section warrant us in holding that it was intended that such map and statement be filed with the court for the purposes therein designated, or at least placed in its possession.

This court has on several occasions announced the rule that all statutes must be liberally construed with a view to accomplishing their aims and purposes and attaining substantial justice, and the courts are not limited to the mere letter of the law but may look behind the letter to determine its purpose and effect, the object being to determine what the legislature intended and to give effect to that intent. (*Hindman v. Oregon Short Line R. R. Co.*, 32 Ida. 133, 145, 178 Pac. 837; *Steinour v. Oakley State Bank*, 32 Ida. 91, 94, 177 Pac. 843; *Parsons v. Wrble*, 21 Ida. 695, 123 Pac. 638.)

As to whether the court in its order specifically or otherwise, directed the filing of the map and statement is immaterial. The object of the order was to obtain information and data for use as evidence as provided in said section. It was therefore incumbent upon the department to comply with it and place the court in the possession of. the facts requested.

The stipulation of the decree before the referee in no way affected the materiality of the map and statement during the period before its adoption. Nearly four and one-half years intervened between the issuance of the court's order or request of March 20, 1920, and the making of said stipulation on August 12, 1924; and the fact, if it is a fact, that the parties were eventually compelled, at addi-

tional expense to themselves, to obtain the information desired, and upon which the stipulation was in part based, would not relieve the department from the requirements of the statute.

I recommend that the judgment of the trial court be affirmed, with costs to respondents.

The foregoing is approved as the opinion of the court and the judgment is affirmed. Costs to respondents.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., did not sit and took no part in the opinion.