(No. 6645. December 11, 1939.)

ERNEST BEL, Respondent, v. BENEWAH COUNTY, a Public Corporation, Appellant.

[97 Pac. (2d) 397.]

Wm. D. Keeton, for Appellant.

Whitla & Knudson, for Respondent.

HOLDEN, J.—This case was first heard at the June, 1939, term of court at Coeur d'Alene. Later a rehearing was ordered and the case was again heard at the November, 1939, term.

It appears from the record that on January 29, 1936, respondent Ernest Bel sold, and by deed conveyed, to appellant Benewah County a strip of land 100 feet wide for a public highway over and across certain tracts of land owned by respondent and located in that county. The deed recited a monetary consideration of $150, and then provided:

"In consideration of this deed the grantee agrees to construct, but not maintain good, sufficient, substantial fences on each side of said road and agrees further that said fences shall be constructed in a first class, workmanlike manner, shall come within the definition of a legal fence under the statutes of the State of Idaho.

"Said grantee further agrees to construct gateways in said fences on either side thereof so that the grantor will have access from one side of his land to the other and further agrees to make approaches to said highway at or near stations #100 and 108 for the purpose of allowing the owner of the land or its successors an approach upon said road and the grantee further agrees in constructing the road to make drains thereunder so that the water on the north side of said highway can flow to the south side and into the St. Joe River, and if a bridge is constructed across the Creek near station 104–105, the grantee agrees that said bridge will be constructed in such a manner that it will act as a cattle pass from one side of the road to the other."

At the time the deed was given and the contract made, respondent's land was fenced. Following the execution and delivery of the deed, respondent planted certain crops, to wit: Potatoes and oats. Some time in May the work of constructing the road began, during the course of which respondent's fences were destroyed. Before the county constructed fences along the right of way, as required by the terms of the contract, trespassing livestock damaged the crops of potatoes and oats, and also some hay. February 10, 1937, respondent com-

menced this action to recover the damages he sustained as aforesaid. May 18, 1938, the case was tried by the court, sitting without a jury. July 26, 1938, the court made and filed findings of fact and conclusions of law and on the same day entered judgment thereon in favor of respondent and against appellant for the sum of $511, together with costs, from which Benewah County appeals.

Appellant contends the construction of highways by counties is an absolute, mandatory governmental duty; that damage to growing crops by trespassing livestock does not constitute a "taking" of private property for public use within the meaning of article I, section 14, of the Constitution of the State of Idaho; that section 30–504, I. C. A., does not authorize the prosecution of an action against it either *ex delicto* or *ex contractu* for the recovery of the damages done to the growing crops by the trespassing livestock. On the contrary, respondent contends the damage done to growing crops constitutes a "taking" of private property for public use within the meaning of section 14, *supra;* that this is not an action in tort; that it is an action bottomed upon the breach of a contract; that the county breached its contract in that it failed to construct the fences within a reasonable time, and that section 30–504, I. C. A., *supra,* authorizes the prosecution of an action to recover damages thereby suffered.

If, to the end it may exercise a power or discharge a duty conferred upon it by law, a county may contract to construct a fence along a proposed highway, and it does so contract, and then breaches the contract by failure to construct the fence, is it liable for the damages thereby suffered, and does section 30–504, I. C. A., *supra,* give consent to or authorize the prosecution of an action for the recovery of damages?

Section 39–401, I. C. A., provides:

"Duties of county commissioners.—The board of county commissioners, by proper ordinances, must:

1. . . . . 2. Cause to be surveyed, viewed laid out, recorded, opened and worked, such highways as are necessary for public convenience, . . . . 3. . . . . 4. . . . . 5. Contract, agree for, purchase or otherwise acquire, the right of way over private property for the use of public highways, . . . . "

And section 30–504, *supra,* provides:

"It [the county] has power: 1. To sue and be sued. 2. . . . . 3. . . . . 4. . . . . 5. . . . . ''

The statute (sec. 39–401, I. C. A., *supra*) imposes the duty upon a county to open such highways as are necessary for public convenience, and in the discharge of that duty, to either purchase, or contract for the purchase of, rights of way over private property for the use of public highways. It must be conceded the contract in question is one the county was fully authorized and empowered to make. In the exercise of that power, Benewah County agreed to and did pay respondent $150. It further contracted to construct "substantial fences on each side of said road." The construction of the fences was just as much a part of the purchase price of the right of way as was the cash payment. If the county had prosecuted condemnation proceedings (as provided by chap. 7, secs. 13–701 to 13–720, I. C. A.), it could, after filing its complaint, upon ten days' notice to respondent, have had commissioners appointed and the damages assessed, but it could not have gone into possession of the right of way until it paid or deposited the damages so assessed (sec. 13–717, I. C. A.). The construction of the fences being a part and the balance of the consideration or agreed purchase price, the county was bound to pay, as it contracted to, by construction of the fences, or otherwise fully protect respondent from damage, before it could commence the construction of the highway. Until the fences were constructed and the balance of the purchase price thus paid, the strip of land described in the deed still belonged to respondent. Therefore, failure to construct the fences prior to the building of the road was a clear breach of the contract, and the county is unquestionably liable for the resulting damages.

But does section 30–504, *supra,* authorize the prosecution of an action for the recovery of such damages? To repeat, it is made the duty of a county to construct such highways as are necessary for the public convenience (sec. 39–401, *supra*). That the public convenience made the construction of this highway necessary is not disputed. The highway could not be constructed without either purchasing or con-

demning the right of way. Appellant chose to purchase the right of way by contract, as it had plenary power to do. As above pointed out, it breached its contract. Having breached the contract, may the county be sued for such breach? That section expressly provides the county can be sued. By enactment of the statute the legislature must have intended to give a county power to sue for the enforcement of any and all contracts it is given the power to make, and to authorize suit against it for the breach of any such contracts. If a county cannot enforce its lawful contracts, it would be useless to contract, and if it cannot be sued for the breach, no one would contract with it. To hold it could not be sued for the breach of such a contract would amount to nullifying a plain provision of the statute. It is incumbent upon this court to give a statute an interpretation which will not nullify it if such construction is reasonable or possible. (*Intermountain Title Guaranty Co. v. Egbert,* 52 Ida. 402, 410, 16 Pac. (2d) 390; *Diefendorf v. Gallet,* 51 Ida. 619, 10 Pac. (2d) 307; *State v. Holder,* 49 Ida. 514, 290 Pac. 387; *Gallafent v. Tucker,* 48 Ida. 240, 281 Pac. 375; *Hamilton v. Swendsen,* 46 Ida. 175, 267 Pac. 229; *Smallwood v. Jester,* 42 Ida. 169, 244 Pac. 149; *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280.) We conclude section 30–504, I. C. A., *supra,* authorizes the prosecution of this action for the recovery of the damages suffered by reason of the breach of the contract in question.

Having reached the conclusion the contract was one the county was fully empowered to make, that it breached it, that this is not an action in tort but one for the breach of a contract, and that such statute gives legislative consent to and authorizes the prosecution of this action, it becomes unnecessary to discuss or determine what constitutes a "taking" within the meaning of section 14, *supra.*

The judgment must be affirmed, and it is so ordered with costs to respondent.

Ailshie, C. J., and Budge, Givens and Morgan, JJ., concur.