382 P.2d 913

Harry Edward MESSENGER and Olive Messenger, husband and wife, Plaintiffs-Appellants,

v.

James B. BURNS, Defendant,

Thomas O. Lanum, doing business under the firm name and style of Jerome Credit & Adjustment Bureau, Defendant in Intervention, Respondent.

No. 9232.

Supreme Court of Idaho.

June 20, 1963.

Rayborn, Rayborn, Rayborn & Webb, Twin Falls, for appellants.

**28**

Murphy, Schwartz & Cunningham, Twin Falls, for respondent.

Richards, Haga & Eberle, Boise, amicus curiae.

McFADDEN, Justice.

The central issue of this appeal is the interpretation of S.L.1955, Ch. 45, which amended I.C. § 10–1110 and repealed I.C. § 10–1109. The pertinent portion of I.C. § 10–1110 as amended, involved herein provides:

"A transcript or abstract of any judgment or decree of any court of this state or in a district court of the United States * * * certified by the clerk having custody thereof, shall be filed with the clerk and recorder of any county of this state, who shall immediately file and docket the same as by law provided, and from the time of such filing, and not before, the judgment so filed becomes a lien up (on) all real property of the judgment debtor in the county, not exempt from execution. * * * The transcript or abstract above mentioned shall contain the title of the court and cause and number of action, names of judgment creditors and debtors, time of entry, where entered in judgment book and amount of judgment."

On January 20, 1961, respondent Thomas O. Lanum, doing business as Jerome Credit and Adjustment Bureau, was awarded a judgment for $2487 in the District Court for Jerome County. This judgment was not delivered to the Clerk of that court until Monday, January 23, 1961. The Clerk (who by statute is also the ex-officio County Recorder) endorsed the judgment as follows:

"No. 4045
District Court
Eleventh Judicial District
County of Jerome, State of Idaho
Filed Jan. 23, 1961, 9:50 A.M.
Charlotte Robertson, Clerk."

The records of the Jerome County recorder reflect that appellants filed for record a declaration of homestead on January 23, 1961, at 10:20 A.M. Later a writ of execution, based on the Lanum judgment was issued, and Mr. Burns, the sheriff of Jerome County commenced sale proceedings of appellants' property described in the homestead declaration. Appellants instituted this action to restrain the sheriff from continuing with the sale and to declare the levy on the real property null and void. A preliminary injunction was issued pending determination of the action, and respondent Lanum intervened in the action. The cause was heard and the trial court determined that the lien of the judgment was valid and prior to appellant's declaration of homestead. Findings of fact, conclusions of law and judgment were entered accordingly. This appeal was perfected from the judgment.

█ A judgment lien is purely a creature of statute and does not exist in the body of our common law, (Platts v. Pacific First Federal Savings and Loan Association of Tacoma, 62 Idaho 340–347, 111 P.2d 1093); hence the respective rights of appellants and respondents must be adjudicated within the framework of the applicable statute.

The law applicable to the creation of a homestead as found in Title 55, Chapter 10 of the Idaho Code., I.C. § 55–1004 provides:

"The homestead is exempt from execution or forced sale, except as in this title provided."

I.C. § 55–1005 declares:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"1. *Before* the declaration of homestead was filed for record, and *which constitute* liens upon the premises. (Emphasis added.)

"2. * * *."

It is appellant's contention that a party seeking to create a judgment lien either "in county" or "out of county", must now file a transcript or abstract of the judgment with the County Clerk and Recorder in a manner so that the instrument is shown on the reception book. (§ 1–2413).

Respondent contends that I.C. § 10–1110, as amended, did not change the procedure for creating a judgment lien; or that if a change was contemplated it was only to advance the inception date of the lien from the time of "docketing" to the time of "filing" with the clerk of the District Court.

█ In construing a statute, it is the duty of this court to ascertain the legislative intent, and give effect thereto. In ascertaining this intent, not only must the

literal wording of the statute be examined, but also account must be taken of other matters, "such as the context, the object in view, the evils to be remedied, the history of the times and of the legislation upon the same subject, public policy, contemporaneous construction, and the like." In re Gem State Academy Bakery, 70 Idaho 531–541, 224 P.2d 529, 535. Generally, effect must be given, if possible, to every word, clause and sentence of a statute. State v. Alkire, 79 Idaho 334, 317 P.2d 341.

Prior to the 1955 amendment, I.C. § 10–1109 and § 10–1110 as then existed, governed the creation of judgment liens. I.C. § 10–1109, (repealed S.L.1955, Ch. 45, Sec. 2) read:

"State and federal court judgments —Lien.—Judgments in district court of this state * * * from the time they are docketed, become liens upon all the real property of the judgment debtor, not exempt from execution, within the county in which the judgment is docketed and the court records kept, owned by such debtor at the time or which he may afterwards acquire, until the lien expires. * * *"

That section governed judgment liens in situations where the debtor's real property was in the same county the judgment was rendered, docketed and court records kept. For convenience, this is referred to as an "in county" judgment.

I.C. § 10–1110, prior to the 1955 amendment, was applicable to "out of county" judgments, which are to be considered as judgments from courts of another county. That section provided in part:

"A transcript of the original docket of any judgment in a district court of this state * * * certified by the clerk having custody thereof, may be filed with the clerk of the district court of any *other* county of this state, who shall immediately file and docket * * * and from the time of such docketing, and not before, the judgment so docketed becomes a lien upon all real property of the judgment debtor in the county, not exempt from execution, owned by him at the time."

Thus prior to the 1955 enactment, both the "in county" and "out of county" judgment liens become perfected only when the clerk entered the judgment in the docket. The 1955 enactment, repealed I.C. § 10–1109 completely and amended § 10–1110 to provide, inter alia, "A transcript or *abstract* of any judgment * * * of *any* court of this state * * * shall be filed with the clerk and *recorder* * * * who shall immediately file and docket the same *as by law provided.*" (Emphasis added.)

This enactment includes both "in county" and "out of county" judgments, for section 2 of the 1955 act repealed the provisions pertaining to "in county" judgments,

and the title of the act refers to "all judgments". The repeal of I.C. § 10–1109 left § 10–1110 as the only section of the statute governing the creation of judgment liens.

■ The amendment of I.C. § 10–1110 added the word "recorder" as the officer charged with the duty of filing a judgment for creation of a lien. This amendment changed the designation of such officer to read: "the clerk and recorder". This amendment also eliminated reference to I.C. § 10–1108 and § 10–1111. In order to give full effect to the words and changes of the amendment, the creation of a judgment lien necessitates that a transcript or abstract of the judgment, certified by the clerk, (or the original judgment, if an "in county" judgment), be "filed with the clerk" of the district court, "who shall immediately file and docket the same as by law provided"; and further necessitates that such abstract or transcript, certified by the clerk, be "filed with the * * * recorder", who likewise "shall immediately file and docket the same as by law provided * * *", i. e., entered in the reception book maintained by the recorder (I.C. § 31–2412—§ 31–2413).

The provisions of I.C. § 31–2412 states:

"It is hereby made the duty of each county recorder * * * when any instrument * * * is deposited in the recorder's office for record, immediately to write or stamp thereon an instrument number, and the numbers so stamped shall be consecutive in the order of filing, in only one series of numbers, commencing with the general reception number next in order * * * and following in the order of the filing of all instruments * * * and priority of number shall be prima facie evidence of priority of filing."

By requiring a transcript or abstract of the judgment to be processed through the office of the county recorder, a judgment lien is placed in the same status, insofar as notice to the world is concerned, as that of other instruments affecting title to real property.

■ It is incumbent upon this court to give meaning to the words used by the legislature in amending a statute. Any other construction of S.L.1955, Ch. 45, presently codified as I.C. § 10–1110, would nullify the language employed. The record shows that no request was made, nor were fees tendered, to the recorder to have an abstract, transcript or copy of the judgment filed with such recorder. The judgment itself was, however, entered in the judgment docket, pursuant to I.C. § 10–1108, and in the judgment book, pursuant to I.C. § 10–1105, but that alone failed to create a lien, prior to the appellant's declaration of homestead. It is thus the determination of this court that no lien was created by the judgment, superior to the homestead declaration, since the judgment, an abstract or

**32**

transcript thereof, had not been first submitted, with a tender of fees, to the recorder of the county for entry into the reception book, with the hour, and the day thereon endorsed, "before the declaration of homestead was filed for record." I.C. § 55–1005.

The judgment of the trial court is reversed and the case remanded with directions to enter new findings of fact, conclusions of law and judgment in accordance with the views expressed herein.

Costs to appellants.

KNUDSON, C. J., and McQUADE, TAYLOR, and SMITH, JJ., concur.