501 P.2d 1054

**Alma H. EVANS et al., Respondents,**

v.

**IDAHO STATE TAX COMMISSION,
Defendant-Appellant,
and
James Bedingfield et al., Defendants-
Respondents.**

**No. 11096.**

Supreme Court of Idaho.

Oct. 10, 1972.

**55**

W. Anthony Park, Atty. Gen., Christopher M. Wyne, Asst. Atty. Gen., State of Idaho, Boise, for defendant-appellant.

Wallace M. Transtrum, Soda Springs, George W. Hargraves, Pocatello, for plaintiffs-respondents.

SHEPARD, Justice.

This action was brought against the State Tax Commission to recover a sales tax assessment. The District Court found that portions of the Idaho Sales Tax Act denied equal protection and were therefore unconstitutional as applied to plaintiffs. The District Court thereupon entered summary judgment in favor of plaintiffs and this appeal results. The sole issue presented for decision herein is whether the Sales Tax Act as it existed in 1966, unconstitutionally denied plaintiffs equal protection of the law. The issue is undoubtedly moot as to all persons except the parties herein since the legislature in 1967 changed those portions of the Act deemed constitutionally offensive by the District Court.

Plaintiffs-respondents (hereinafter plaintiffs) were the sole shareholders of a corporation which owned and operated a motel, cafe and lounge in Soda Springs, Idaho. The motel complex was a "retailer" as defined by Section 10 of the Idaho Sales Tax in force at that time and was so licensed. Therefore, plaintiffs were required to collect retail sales tax in the course of their business.

On January 1, 1966 plaintiffs sold the motel complex to the Crest Corporation which has carried on the business since that sale. Plaintiffs did not collect or pay over any sales tax on the sale of the personal property sold to the Crest Corporation as operating assets of the motel complex. On February 1, 1967 the state tax collector notified plaintiffs that there was a sales tax deficiency of $2,987.20 which resulted from the sale of personal property [equipment, furnishings, etc.] which was sold with the motel complex. Plaintiffs did not pay that alleged deficiency and on May 7, 1967, the tax collector levied against plaintiffs' assets and seized $3,133.17 in satisfaction of the tax deficiency, plus interest and penalties. Plaintiffs failed to perfect an appeal of that assessment to the State Tax Commission within the allowable 60 day period of time.

On October 22, 1969 plaintiffs brought this action against the State Tax Commission and the purchasers of the motel to recover the sales tax assessment. The District Court found that the Idaho Sales Tax Act as it had been applied to the plaintiffs herein was unconstitutional, reasoning that the pertinent portions of the Act did not provide equal protection as between those persons who sold personal property used in a business. On that basis the District Court, on March 1, 1972, entered summary judgment for the plaintiffs and the State Tax Commission has appealed from that judgment.

The Idaho Sales Tax Act of 1965, S.L., 1965, Ch. 195, p. 408 et seq., instituted a state sales tax in Idaho which applied to retail sales defined as follows:

"Section 9. Retail Sale—Sale at Retail.—The terms 'retail sale' or 'sale at retail' mean a sale of tangible personal property for any purpose other than resale in the regular course of business or the rental of tangible personal property in the regular course of business."

That Act taxed retail sales as follows:

"Section 19. Imposition and Rate of the Sales Tax.—An excise tax is hereby imposed upon each sale at retail at the rate of three per centum (3%) of the sale price of all property subject to taxation

under this act and such amount shall be computed monthly on all sales at retail within the preceding month."

The Act granted exemptions including the following:

"Section 22. Exemptions.—There are exempted from the taxes imposed by this Act the following:

"(a) * * *.

"(1) Occasional sales by persons who are excluded from the definition of 'retailer' by the provisions of Section 10(c) of this act."

The term "retailer" is defined in the Sales Tax Act as follows:

"Section 10. Retailer—The term 'retailer' includes:

*    *    *    *    *    *

"(c) Every person making more than two retail sales of tangible personal property during any twelve-month period, including sales made in the capacity of assignee for the benefit of creditors, or receiver or trustee in bankruptcy, or every person making fewer sales who holds himself out as engaging in the business of selling such tangible personal property at retail * * *."

The cumulative effect of the statutory provisions is that those persons defined and licensed as "retailers" and who collected sales tax in the course of their ordinary retail business were obliged to also pay a sales tax when they sold their business and particularly upon personal property used as operating assets in the business. On the other hand, persons who

did not collect a sales tax in the course of their business and were not licensed and defined as "retailers" (such as doctors and lawyers, for example) were exempted from payment of a sales tax when they sold their business, including personal property used as operating assets.

The only issue for decision herein is whether such a legislative distinction is constitutionally permissible when it grants an exemption to a non-retailer selling a business, including personal property used as operating assets, but requires a "retailer" to pay a tax on such a sale. As heretofore noted, in 1967 the Idaho Legislature amended the Idaho Sales Tax Act to eliminate the issue raised in this action.[1]

We note initially that the Idaho Constitution grants the legislature plenary power to bestow tax exemptions. Idaho Constitution, Article 7, Section 5 provides in pertinent part:

"* * * the legislature may allow such exemptions from taxation from time to time as shall seem necessary and just, * * *."

That constitutional provision was construed in Achenbach v. Kincaid, 25 Idaho 768, 779, 140 P. 529, 533 (1914):

"When the clause just quoted, relating to the power of the Legislature to make exemptions from taxation, was under consideration by the constitutional convention, it was thoroughly discussed by some of the ablest lawyers of the state, and by the great weight of opinion it was considered advisable to confer upon the Legislature the full and complete discre-

1. 1967 Sales Tax Act, Session Laws, 1967, Ch. 290, p. 805 et seq. Section 3. That Chapter 36, Title 63, Idaho Code, be and the same is hereby amended by adding a new section thereto to be known and designated as Section 63–3612A, Idaho Code, and to read as follows:
"63–3612A. Occasional Sale.—The term 'occasional sale' means:
*    *    *    *    *
"(c) The sale of substantially all of the operating assets of a business or of a separate division, branch, or identifiable segment to a buyer who continues operation of the business * * *."

Section 7. That Section 63–3622, Idaho Code, be and the same is hereby amended to read as follows:
"63–3622. Exemptions.—There are exempted from the taxes imposed by this act the following:
"(a) * * *
"(1) Occasional sales ~~by persons who are excluded from the definition of 'retailer' by the provisions of Section 36–3610(c) of this act~~ of tangible personal property; providing, however * * *."

tionary power to exempt from taxation such property as it might seem to the Legislature should, under all the conditions and circumstances, be relieved from the tax burden."

This Court recently in Leonardson v. Moon, 92 Idaho 796, 806, 451 P.2d 542, 552 (1969) stated:

"Section 5 of art. 7 expressly leaves with the Legislature its plenary power with regard to exemptions. In this respect, Idaho is almost unique among the western states. We have not attempted a complete search but among western states we believe Wyoming (section 12, article 15, Wyoming Constitution) and Idaho (section 5, of article 7) are alone in their expressed refusal to limit the plenary power of their Legislatures to grant such exemptions as they may see fit. Most states have limited this power to such exemptions as are expressly enunciated in their Constitutions. Idaho was comparatively late in making its Constitution and the almost uniform practice of other states must have been known to those who wrote the Constitution. We believe section 5 of article 7 is significant as indicating a deliberate intention to leave with the Legislature a very broad discretion in dealing with tax exemptions. This conclusion is borne out by a reference to the Constitutional Debates pp. 1638, 1645, 1660, 1692, 1703, 1721, 1722, 1758–1769, 1775. This court has so held in Achenbach v. Kincaid, 25 Idaho 768, 140 P. 529."

The power of a state to make classifications for tax purposes has long been recognized by the Supreme Court of the United States. In discussing that power of the state in light of the equal protection clause of the Fourteenth Amendment, that Court in Stebbins v. Riley, 268 U.S. 137, 142, 45 S.Ct. 424, 426, 69 L.Ed. 884 (1925) stated:

"The guaranty of the Fourteenth Amendment of the equal protection of the laws is not a guaranty of equality of operation or application of state legislation upon all citizens of a state. As

was said in Magoun v. Illinois Trust & Savings Bank, supra, 170 U.S. 283, at page 293, 18 S.Ct. 594, 598, 42 L.Ed. 1037.

" 'It only prescribes that that law have the attribute of equality of operation, and equality of operation does not mean indiscriminate operation on persons merely as such, but on persons according to their relations. In some circumstances it may not tax A. more than B., but if A. be of a different trade or profession than B., it may. * * * *In other words, the state may distinguish, select, and classify objects of legislation, and necessarily this power must have a wide range of discretion.'* " (Emphasis supplied)

■ It is clear that our Constitution authorizes the legislature to exercise plenary power in granting tax exemptions and that the exemption complained of herein is authorized by our Constitution. Respondents contend, however, that such exemptions so discriminate between "retailers" and non-retailers that the Act denies "retailers" equal protection of the law.

■ Differential tax legislation has long been permitted by the Fourteenth Amendment under the construction of the United States Supreme Court. Bell's Gap Railroad Company v. Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892. (1890). As stated in McGowan v. Maryland, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will

not be set aside if any state of facts may be conceived to justify it."

That Court in speaking of exemptions stated in F. S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920):

"But the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. The latitude of discretion is notably wide in the classification of property for purposes of taxation *and the granting of partial or total exemptions upon grounds of policy.*" (Emphasis supplied)

We are thus required to apply a two-step analysis to the Idaho Sales Tax Act of 1965. First, does the statute reflect any reasonably conceivable public purpose? Developments In the Law, Equal Protection, 82 Harv.L.Rev. 1065 (1969). Secondly, is the classification reasonably related to this purpose? State v. Cantrell, 94 Idaho 653, 496 P.2d 276 (1972).

The distinction which the Idaho Sales Tax Act of 1965 draws between retailers and non-retailers reflects the legitimate public purpose of facilitating enforcement of the Sales Tax Act. Under the Act in force in 1966, it was practical for the tax collector to enforce the sales tax on occasional sales by "retailers" since the Act gave him a comprehensive list of all "retailers" and also notified him when any retail business was sold. On the other hand the tax collector had no such information concerning occasional sales by non-retailers and collection of a tax thereon would have been well nigh impossible.

Insuring adequate enforcement is a legitimate public purpose sufficient to protect legislation from attack on equal protection grounds. State v. Cantrell, *supra*. As this Court recently stated in Boise Cascade Corporation v. Department of Employment, 94 Idaho 721, 725, 496 P.2d 958, 962 (1972):

" * * * the exception provided for is reasonably related to the legitimate goal of making administration of the employment security system a feasible endeavor."

We hold that the distinction between occasional sales by retailers and occasional sales by non-retailers as contained in the Sales Tax Act in existence in 1966 is reasonably related to the public purpose of securing compliance with the Sales Tax Act on occasional sales of tangible personal property when sold as operating assets of a going business. It may be that the Idaho Sales Tax Act of 1965 may have been "under-inclusive" in 1966 because it failed to extend the exemption of Section 22(*l*) to "retailers," such as the plaintiffs. However, this Court has recently pointed out that:

"Acceptance of under-inclusion is justified on practical grounds when the legislature, exercising the police power, must be free to remedy parts of a problem, or to recognize degrees of a problem and to formulate solutions in the areas it determines to be more in need or more readily corrected than others." State v. Cantrell,, 94 Idaho 656, 496 P.2d at p. 279.

The legislature acted within its plenary authority to grant tax exemptions when in the Sales Tax Act of 1965 it elected to tax occasional sales of personal property by "retailers" used in a business. Such tax did not constitute a denial of equal protection to the plaintiffs-retailers herein simply because the legislature exempted non-retailers from a sales tax on similar transactions.

The cause is reversed and remanded to the District Court for proceedings consistent with this opinion. Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.