597 P.2d 31

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Sidney R. RAWSON,
Defendant-Appellant.**

**No. 12843.**

Supreme Court of Idaho.

July 2, 1979.

Peter D. McDermott of McDermott & McDermott, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, P. Mark Thompson, Deputy Attys. Gen., Boise, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal by the defendant Sidney Rawson from a four year fixed term sentence imposed after he entered a plea of guilty to a violation of I.C. § 18–3601, forgery. We affirm.

On August 8, 1977, the defendant Sidney Rawson was charged with forgery, a violation of I.C. § 18–3601. He was subsequently arraigned in district court where he entered a plea of guilty to the charge and a presentence investigation report was ordered.

At the sentencing proceedings the judge noted that the defendant's record of past offenses indicated a flagrant disregard for the law or in the alternative an unwillingness to exercise subjective control of himself so that he didn't become involved with the law. The judge determined that de-

fendant was not a suitable candidate for probation and that the court's efforts were better directed to the protection of society. Thus, rather than sentence Rawson to an indeterminate sentence under I.C. § 19–2513, the district court judge exercised his discretion under I.C. § 19–2513A and sentenced Rawson to a four year fixed term.

Defendant-appellant Rawson's sole contention on appeal is that the fixed term sentence statute of I.C. § 19–2513A constitutes an unconstitutional usurpation by the legislative department of powers of the executive department. Rawson argues that the legislative department, through the enactment of the fixed term sentence statute, has attempted to improperly restrict the executive department's power over pardons, commutations, and paroles. He asserts that the Idaho Constitution grants the power of pardon, commutation, and parole exclusively to the executive department and that such an attempt to limit these powers violates the separation of powers provision found in Art. II, § 1 of the Idaho Constitution.

In *Standlee v. State*, 96 Idaho 849, 538 P.2d 778 (1975), this Court addressed a similar constitutional challenge to another statute, I.C. § 20–223. That section provides that a person serving a sentence for certain enumerated crimes shall not be released on parole before having served at least one-third of the sentence. Therein the defendant-appellant Standlee argued that I.C. § 20–223 violated the separation of powers provision of the Idaho Constitution on the grounds that Art. IV, § 7 granted only the executive department (board of corrections) the power of determining parole. The Court in *Standlee* rejected this argument and held Art. IV, § 7 does not apply to the parole function.

The *Standlee* Court initially noted that Art. IV, § 7 provides that the board of pardons "shall have the power to remit fines and forfeitures, and to grant *commutations* and *pardons* after conviction and judgment. . . ." (Emphasis supplied.) The Court found that the commutation and pardon power referred to in the Constitution did not include the power of parole.

The *Standlee* Court recognized the distinction as follows:

"A pardon does away with both the punishment and the effects of a finding of guilt. A commutation diminishes the severity of a sentence, e. g. shortens the term of punishment. A parole does neither of these things. A parole merely allows the convicted party to serve part of his sentence under conditions other than those of the penitentiary. The party is not 'pardoned' of his guilt, nor is a portion of the sentence 'commuted.' He is still under the supervision of the authorities and subject to revocation of his parole should he violate the conditions thereof. Thus, we find that parole is within the legislative scope of establishing suitable punishment for the various crimes." At 852, 538 P.2d at 781.

Thus, the pardon and commutation powers granted to the board of pardons in Art. IV, § 7 of the Idaho Constitution are separate from the function of parole. The parole function is not provided for in that article of the Constitution.

In assessing the appellant's constitutional challenge to the fixed term sentence statute, it is necessary to consider the current statutory sentencing scheme in Idaho. A defendant convicted of a felony may be sentenced either to an indeterminate sentence under I.C. § 19–2513 or, as an alternative to an indeterminate sentence, the court, in its discretion, may sentence the offender to a fixed term sentence under I.C. § 19–2513A.

For a number of years Idaho had only an indeterminate sentence statute. The progenitor of the current indeterminate sentence statute was enacted in 1909. H.B. 214, 1909 Idaho Sess. Laws 82. Although the legislature has amended this law several times over the years, the basic premise of the indeterminate sentence statute would appear to have remained the same. The theory underlying indeterminate sentencing is that a sentencing judge cannot determine in advance the proper length of imprisonment to rehabilitate offenders because he

cannot predict what the course of a prisoner's reformation and attitude in prison will be. It is theorized that the period of imprisonment, like a period of hospitalization, is best determined after, not before, admission to the institution. S. Rubin, The Law of Criminal Correction 135 (1963).

I.C. § 19–2513, the indeterminate sentence statute, provides as follows:

"19–2513. *Indeterminate sentence.*— The minimum period of imprisonment in the penitentiary heretofore provided by law for the punishment of felonies, and each such minimum period of imprisonment for felonies, hereby is abolished. Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, as provided by chapter 26 of title 19, Idaho Code, or unless it shall impose the death sentence as provided by law, sentence such offender to the custody of the state board of correction for an indeterminate period of time, but stating and fixing in such judgment and sentence a maximum term which term shall be for a period of not less than two (2) years nor exceeding that provided by law therefor, and judgment and sentence shall be given accordingly, and such sentence shall be known as an indeterminate sentence; provided, however, that the enactment of this act shall not affect the indictment, information, prosecution, trial, verdict, judgment, or punishment of any felonies heretofore committed, but all laws now and hitherto in effect relating thereto are continued in full force and effect as to such crimes heretofore committed."

In 1977, the legislature enacted I.C. § 19–2513A, the fixed term sentence statute. That section provides as follows:

"19–2513A. *Alternative fixed term sentence.*—As an alternative to an indeterminate sentence for any person convicted of a felony, the court, in its discretion, may sentence the offender to the custody of the state board of correction for a fixed period of time of not less than

two (2) years and not more than the maximum provided by law for said felony."

Thus, under the current sentencing scheme in Idaho, the court, in its discretion, may sentence the convicted felon to either an indeterminate sentence or to a fixed term sentence.

Rawson asserts that the fixed term sentence of I.C. § 19–2513A is unconstitutional on the theory that that section precludes him from receiving a pardon or commutation of his sentence. Rawson correctly points out that Art. IV, § 7 of the Idaho Constitution specifically provides that the board of pardons is vested with the power to grant pardons and commutations in *all* cases of offenses against the state, except treason or conviction on impeachment.

We do not construe I.C. § 19–2513A as prohibiting the board of pardons from granting a pardon or commutation to an offender sentenced to a fixed term. We note that Rawson has not stated any facts indicating that he has actually been denied a pardon or commutation, nor is there anything in the record before us indicating that the board of pardons has taken the position that I.C. § 19–2513A prevents the board from granting a pardon or commutation of sentence.

■ In construing statutes, it is generally presumed that legislative acts are constitutional and that the state legislature has acted within its constitutional powers. *Worthen v. State*, 96 Idaho 175, 525 P.2d 957 (1974); *Evans v. Idaho State Tax Comm'n*, 95 Idaho 54, 501 P.2d 1054 (1972); *Leonardson v. Moon*, 92 Idaho 796, 451 P.2d 542 (1969). And, doubts concerning the interpretation of statutes are to be resolved in favor of that which will render them constitutional. *State v. Wymore*, 98 Idaho 197, 560 P.2d 868 (1977); *State v. Jennings*, 95 Idaho 724, 518 P.2d 1186 (1974); *Leonardson v. Moon, supra; State v. Gibbs*, 94 Idaho 908, 500 P.2d 209 (1972).

■ We hold that the legislature by the enactment of I.C. § 19–2513A did not intend to limit the constitutionally granted

pardon and commutation powers of the board of pardons which are set forth in Art. IV, § 7 of the Idaho Constitution. The powers of pardon and commutation are separate and distinct from the power to grant parole. The power of parole is not provided for by Art. IV, § 7 of the Idaho Constitution. I.C. § 19–2513A is intended solely to limit the power of parole and does not restrict either the power of pardon or commutation.

Although not directly raised by the appellant herein, some discussion is warranted as to whether I.C. § 19–2513A actually was intended to prohibit the parole of an offender sentenced to a fixed term. That section simply provides that the court, in its discretion, may sentence the offender to the custody of the state board of corrections for a fixed period of time. There is no specific reference to parole. And, as noted in *Standlee, supra*, the parolee does remain under the "supervision" of the state board of correction while on parole.

Arguing in favor of a construction of I.C. § 19–2513A that would not prohibit parole is the fact that parole may be available despite the lack of an indeterminate sentence statute. Parole is often thought to be inherent in indeterminate sentencing and, therefore, not available under a determinate sentence statute. However, this belief is not entirely justified. Parole is not necessarily precluded simply because the offender is sentenced under a determinate or definite sentencing statute. The legislature adopted Idaho's first indeterminate sentence statute in 1909. However, a statute authorizing a system of parole was first enacted ten years earlier, in 1899. H.B. No. 12, 1899 Idaho Sess. Laws 10. In the case of *In re Prout*, 12 Idaho 494, 86 P. 275 (1906), this Court specifically recognized the viability of a parole system in Idaho despite the fact there was no "indefinite or indeterminate sentence" available in Idaho at that time.

However, the potential availability of parole under some determinate sentence statutes is not dispositive of the issue before us in this case. In construing this statute, we must determine whether the Idaho legislature intended to prohibit the granting of parole to those offenders sentenced to a fixed term. *See generally, Local 1494 of the Int'l Ass'n of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 586 P.2d 1346 (1978); *Jorstad v. City of Lewiston*, 93 Idaho 122, 456 P.2d 766 (1969); *Messenger v. Burns*, 86 Idaho 26, 382 P.2d 913 (1963).

If we construed I.C. § 19–2513A as allowing parole, that section, which was clearly enacted as an alternative to indeterminate sentencing, would be rendered nugatory. Under such a construction, there would be no distinction between an indeterminate sentence and the fixed term sentence. The sentenced offender would be entitled to receive a pardon, commutation or parole regardless of whether he is sentenced to an indeterminate or fixed term. We doubt that the legislature intended to enact a meaningless statute. This Court adheres to the general rule of statutory construction that a statutory provision will not be deprived of its potency if a reasonable alternative construction is possible. *Maguire v. Yanke*, Idaho, 590 P.2d 85 (1978); *State v. Gibbs, supra; Sampson v. Layton*, 86 Idaho 453, 387 P.2d 883 (1963); *Bel v. Benewah County*, 60 Idaho 791, 97 P.2d 397 (1939).

In addition, the clear language of the statute indicates that the legislature intended to preclude an offender from obtaining parole when sentenced to a fixed term under I.C. § 19–2513A. That section provides that "[a]s an alternative to an indeterminate sentence . . . the court, in its discretion, may sentence the offender to the *custody* of the state board of correction for a fixed period of time . . . ." (Emphasis supplied.) The use of the word "custody," in light of the obvious legislative intent to create an alternative to indeterminate sentencing, leads to the conclusion that the legislature intended that an offender sentenced to a fixed term be held in confinement or imprisonment by the state board of corrections for the duration of the fixed term sentence. The board of corrections retains *custody* of the offender be-

cause it is vested with the control, direction, and management of the penitentiaries of the state, subject to the limitations prescribed by law. We find that the legislative purpose of the fixed term sentence was to prohibit the granting of parole to certain offenders.

Our construction of I.C. § 19–2513A leads us to Rawson's final contention on appeal. Rawson argues that such a limitation of the power of parole unconstitutionally infringes upon the powers granted exclusively to the executive department (board of corrections) in Art. X, § 5 of the Idaho Constitution. That article provides as follows:

"§ 5. *State prisons—Control over.*— The state legislature shall establish a nonpartisan board to be known as the state board of correction, and to consist of three members appointed by the governor, one member for two years, one member for four years, and one member for six years. After the appointment of the first board the term of each member appointed shall be six years. This board shall have the control, direction and management of the penitentiaries of the state, their employees and properties, and of adult probation and parole, with such compensation, powers and duties as may be prescribed by law."

Appellant Rawson argues that because Art. X, § 5 confers the control, direction and management of the penitentiaries and of adult probation and parole upon the board of corrections, that the legislature may not enact a fixed term statute which prohibits parole, and that every convicted felon must be sentenced to the custody of the board of corrections for an indeterminate period of time.

We disagree with Rawson's contention that I.C. § 19–2513A constitutes an unconstitutional infringement on the powers of the state board of corrections. We initially note that by its own language Art. X, § 5 clearly reveals that the board was never intended to have unfettered control, direction and management of the penitentiaries or adult probation and parole. The board of corrections is simply charged with the power to implement those laws enacted by the legislature regarding those functions. However, the circumstances under which the functions are to be exercised by the state board of corrections are to be prescribed by the laws enacted by the legislature. *See Standlee v. State, supra.*

In *Standlee v. State, supra,* this Court addressed the issue of whether Art. X, § 5 precludes the legislature from enacting legislation restricting the board of corrections' power of parole. Therein, we held that I.C. § 20–223, which prohibited an offender from receiving parole until he had served at least one-third of the sentence was not in conflict with Art. X, § 5 of the Idaho Constitution. The Court found that such a limitation on the board's parole function was within the authority of the legislature to prescribe the powers and duties of the state board of corrections as mandated by Art. X, § 5 of the Idaho Constitution.

The current statutory sentencing scheme in Idaho allows the court to sentence a convicted felon to the custody of the board of corrections for an indeterminate period of time under I.C. § 19–2513 or in the alternative, to the custody of the board of corrections for a fixed period of time under I.C. § 19–2513A. Only under the fixed term sentence is the offender precluded from obtaining parole. The board of corrections continues to have exclusive control over adult probation and parole in those situations where the legislature has provided by law that parole is available, *i. e.*, where the offender is sentenced to an indeterminate sentence under I.C. § 19–2513. We hold the statutory limitation on parole found in I.C. § 19–2513A is not violative of Art. X, § 5 of the Idaho Constitution.

We affirm the decision of the district court.

McFADDEN and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

This is an appeal from a criminal sentence imposed after a plea of guilty. The majority affirms that sentence, and I concur with that affirmance.

Having made that decision, I think the majority has decided the only issue which is before the Court in this appeal. This is not a declaratory judgment action to determine whether the fixed term sentencing act, I.C. § 19–2513A, either prohibits the Board of Corrections from granting parole under any sentence imposed pursuant to that act, or whether the act violates the constitutional powers of the Board of Corrections found in Art. 4, § 7, of the Idaho Constitution, or the separation of. powers provisions of Art. 2, § 1, of the Idaho Constitution. Nor is this a habeas corpus proceeding in which the defendant is alleging that the Board of Corrections has denied him parole solely for the reason that he was sentenced pursuant to the fixed term sentencing act, I.C. § 19–2513A. Accordingly, all that the Court has said today regarding the constitutionality of I.C. § 19–2513A and the conclusion that that section prohibits the Board of Corrections from granting parole to any defendant sentenced to a fixed term sentence under that act is *obiter dicta*, and would best be left until that issue is properly before the Court.

The majority's conclusion that the Board of Corrections may not parole a defendant sentenced pursuant to the fixed term sentence act is not only an issue which is not before the Court, but their *dicta* may very well be wrong. When that issue is finally before the Court for decision, it will now be very difficult for this Court to objectively judge that issue in view of the gratuitous pronouncements which it has made on that subject in this case.

DONALDSON, J., concurs.