599 P.2d 300

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Glenn Leroy AVERY, Defendant-Appellant.**

No. 12896.

Supreme Court of Idaho.

Sept. 7, 1979.

---

4. As mentioned above, Dr. Barnard died before the action was instituted; the defendant is his personal representative.

**410**

Peter D. McDermott of McDermott & McDermott, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Appellant Glenn Avery was initially charged and arraigned on Count I, First Degree Burglary; Count II, First Degree Burglary; and Count III, Attempted First Degree Burglary. Appellant initially raised a mental illness defense to all three charges, which defense was denied by the court. As the result of a plea bargain, appellant thereafter withdrew the mental illness plea and pleaded guilty to Count I, First Degree Burglary. The prosecution then moved to dismiss Counts II and III, which motion was granted.

At the sentencing proceeding, appellant waived a presentence investigation and gave the court an oral statement of his background. Appellant's statement advised the court that he had been incarcerated twice in the St. Anthony juvenile detention center, once for forgery and theft, and once for "sluffing" school. This latter conduct was apparently a probation violation. He also stated he had received probation in Logan, Utah on a grand theft (auto) charge, and had been convicted in Idaho of forgery; he was paroled after having served about a year and a half in the Idaho State Penitentiary on the forgery conviction. He was still on parole when he pleaded guilty to First Degree Burglary in this case. In response to questions by the court, appellant affirmed he had violated probation as a juvenile and had violated parole by the commission of this offense.

In sentencing the appellant, the judge stated:

"It is apparent to the court that parole or probation is not a viable alternative for this court, and it further appears you, as a man of age 25, have accumulated quite a bit of criminal history, and as such the possible chance of rehabilitation of you is very limited; the court must primarily consider the protection of society. In so doing the court is going to sentence you to the board of correction and the Idaho State Penitentiary for a fixed term of eight (8) years, and remand you to the custody of the Sheriff of Caribou County to be delivered by him to the guards of the Idaho State Penitentiary. . . ."

Appellant appeals this sentence, urging that the fixed-term sentencing statute under which he was sentenced (I.C. § 19–2513A) is unconstitutional as violative of Idaho Const. art. 10, § 5, which he claims confers exclusive authority over parole on the Board of Correction (a part of the Executive Department) and art. 2, § 1, which provides for the separation of powers. He therefore asks that his sentence be changed to one of indeterminate duration in accordance with I.C. § 19–2513.

The sole issue presented by this appeal is whether I.C. § 19–2513A unconstitutionally permits legislative and judicial encroachment upon the authority of the Board of Correction in violation of Idaho Const. art. 10, § 5, and art. 2, § 1.

This case is controlled by *State v. Rawson,* 100 Idaho 308, 597 P.2d 31 (1979). In that case, defendant Rawson entered a guilty plea to a forgery charge, and was sentenced under I.C. § 19–2513A to a fixed term of four years. The facts of that case are nearly identical to those present here, and the same trial judge presided in both cases. He noted that Rawson's presentence investigation report indicated little chance for rehabilitation, and expressed the opinion that under the circumstances the protection of society was to be the controlling consideration in sentencing the defendant. In

this case, based on appellant Avery's own background statement, the trial court came to the same conclusion as to him, and again expressed his paramount concern for the protection of society under the circumstances. On appeal in the *Rawson* case, counsel presented the same constitutional arguments that he now brings on behalf of appellant Avery.

In *Rawson,* Shepard, J. (then Chief Justice) wrote the majority opinion in which McFadden and Bistline, JJ., concurred, affirming the sentence and holding "the statutory limitation on parole found in I.C. § 19–2513A is not violative of Art. X, § 5 of the Idaho Constitution." 100 Idaho at 313, 597 P.2d at 36. Bakes, J., concurred specially in an opinion in which Donaldson, J. (now Chief Justice) concurred.

Since this case is controlled by the decision in *Rawson,* the sentence is affirmed.