JOHN E. FARRELL & another[1] vs. ROBERT D. BRANCONMIER & another.[2]

Essex.   February 6, 1958. — April 11, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Way,* What constitutes, "Ways of the Commonwealth," Way "under the control of park commissioners." *Parks. Insurance,* Motor vehicle liability insurance. *Equity Pleading and Practice,* Requests and rulings.

Evidence that a collision of motor vehicles occurred on land which had been acquired by a town as a public park and which had an unpaved surface and, apart from certain buildings located on it, was open for the entry and parking of motor vehicles, and that no public or private ways had ever been laid out or established in the park or roads constructed or designated for vehicular traffic therein, warranted a finding that the place of the collision was not a "way" within any definition thereof in G. L. c. 90, § 1; and upon such a finding conclusions were required that the collision did not happen "upon the ways of the commonwealth" within § 34A, and that injuries sustained in the collision by persons in one of the vehicles involved were not within the coverage of a policy of compulsory motor vehicle liability insurance issued under § 34A upon the other vehicle involved. [367–368]

On an appeal in a suit in equity with a report of the evidence and a report of material facts, requests for rulings and the trial judge's action thereon have no standing. [368–369]

BILL IN EQUITY, filed in the Superior Court on June 29, 1956.

The suit was heard by *Quirico, J.*

*David Dretler,* for the plaintiffs.

---

[1] Ruth Rhodes.
[2] American Employers' Insurance Company.

*Andrew R. Linscott,* for the defendant American Employers' Insurance Company.

COUNIHAN, J. This is a suit in equity in which the plaintiffs under G. L. (Ter. Ed.) c. 175, §§ 112 and 113, and G. L. (Ter. Ed.) c. 214, § 3 (10), seek to reach and apply in satisfaction of two judgments held by the plaintiffs against Branconmier, hereinafter called the insured, the obligation of the American Employers' Insurance Company, hereinafter called the insurer, under a compulsory insurance policy issued by it to the insured under G. L. (Ter. Ed.) c. 90, § 34A, as amended. The policy covered the motor vehicle involved in the accident which caused injuries to the plaintiffs.

The judge ordered the entry of a final decree dismissing the bill as to all parties from which the plaintiffs appealed. There was no error.

The judge made in substance a report of material facts and we have a report of the evidence. All questions of law, fact, and discretion are open for review and we may make findings in addition to those made by the judge, but we do not disturb his findings unless they are plainly wrong. *Miller* v. *Perry,* 333 Mass. 155, 156.

The sole question before us is whether or not the accident referred to happened "upon the ways of the commonwealth" as referred to in c. 90, § 34A, and defined in c. 90, § 1, the latter of which reads in part, "'Way', any public highway, private way laid out under authority of statute, way dedicated to public use, or way under the control of park commissioners or body having like powers."

We gather from the report of material facts, the exhibits which are before us, and the reported evidence that both plaintiffs sustained injuries as the result of a collision of a motor vehicle in which they were riding with a motor vehicle owned and operated by the insured on August 18, 1955. As we have hereinbefore said this vehicle was covered by a compulsory insurance policy issued by the insurer. The plaintiffs recovered judgments against the insured by default and the insurer refused to satisfy the judgments.

The accident occurred on property known as "Brown Park" in the town of Marblehead. This park consisted of five or six acres of land in the Devereaux Beach section of the town and is located between the southwesterly side of Beach Street and the Atlantic Ocean. The surface of the park was formerly sand but about twenty-five years ago six inches of fill was spread over the surface to prevent the wheels of vehicles from sinking into the sand. There were three buildings in the park, a pavilion, a rest room, and a refreshment stand. The rest of the park was open for the entry and parking of motor vehicles thereon, usually to permit persons to use the buildings in the park or go in swimming in the adjacent ocean. The entire surface of the park is unpaved and there are no roads, paved or otherwise, which were in any manner constructed or designated to permit persons to drive vehicles over them.

Brown Park was acquired by the town by eminent domain on April 6, 1905, by an order of taking by the board of park commissioners of the town, which order stated that the land was being taken as a public park. This land so taken has continued in that status within the meaning of St. 1881, c. 151, or of G. L. (Ter. Ed.) c. 45 up to the present. No public or private way or ways were ever laid out or established by the board of park commissioners on, through, or across Brown Park.

In these circumstances the judge expressly found that "the place where the plaintiffs sustained their injuries was not: (a) a public highway; nor (b) a private way laid out under authority of statute; nor (c) a way dedicated to public use; nor (d) a way under the control of park commissioners or body having like powers." We are of opinion that this finding of the judge was not wrong, much less plainly wrong. *Phillips* v. *Stone*, 297 Mass. 341, 342. Compare *General Accident Fire & Life Assurance Corp. Ltd.* v. *Brow*, 327 Mass. 225, 227; *Desmarais* v. *Standard Accident Ins. Co.* 331 Mass. 199, 200.

The plaintiffs submitted six requests for rulings two of which were given and four denied. "[R]equests for rulings

form no recognized part of the practice in equity cases carried up by appeal after hearing by a judge, where a party not only may require a report of material facts but may also bring up all the evidence for review of fact as well as law." *Graustein* v. *Dolan*, 282 Mass. 579, 583. *Worcester Bank & Trust Co.* v. *Ellis*, 292 Mass. 88, 94–95. *Kingsley* v. *Spofford*, 298 Mass. 469, 478.

> *Decree affirmed with costs of the appeal to the American Employers' Insurance Company.*