COMMONWEALTH *vs.* JOSEPH C. PACCIA.

Plymouth.   October 9, 1958. — October 29, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Way,* "Place to which the public has a right of access." *Motor Vehicle,* Operation.

A privately owned area with a black top surface extending from a public way between two business buildings and widening out to form a parking space behind them, over which vehicles passed from time to time from the public way to another public way and to which business invitees had access, but over or on which there was no general public easement as of right, was not a "place to which the public has a right of access" within the provisions of G. L. c. 90, § 24, respecting the operation of motor vehicles under the influence of intoxicating liquor.

COMPLAINT, received and sworn to in the District Court of Brockton on January 20, 1958.

On appeal to the Superior Court, the case was heard without jury by *Casey,* J., a District Court judge sitting under statutory authority.

The case was submitted on briefs.

*Cortland A. Mathers,* for the defendant.

*John R. Wheatley,* District Attorney, & *Warren H. Lindberg,* Assistant District Attorney, for the Commonwealth.

CUTTER, J.   The defendant was charged by complaint with operating a motor vehicle while under the influence of intoxicating liquor "upon a certain public way, or place to which the public has a right of access, to wit: Snell Place" in Brockton.   Upon an appeal to the Superior Court, the case was tried without a jury.   The defendant was found guilty.   His bill of exceptions presents the question whether the trial judge correctly denied four requests for rulings.

There was evidence which would warrant the following findings.   The defendant was operating a motor vehicle and was under the influence of liquor, but he operated only on

a part of Snell Place and an adjacent parking lot, both of which are owned by a Mrs. Reynolds. Snell Place runs east and west between South Main Street and Montello Street, both of which run north and south. At the north and south sides of the westerly entrance to Snell Place are a restaurant and a market building. The surface of Snell Place is black top. Behind the two buildings the black top area widens to form a parking space, which is maintained by Mrs. Reynolds and her lessees.

Snell Place has been owned by the Reynolds family for some years. The black top surface was laid about three years ago. Within the past twenty years Snell Place has been blocked off several times to prevent the passage of vehicles entering from South Main Street and the establishment of prescriptive rights. Mrs. Reynolds has also removed on several occasions city of Brockton signs saying "Snell Place." No taking of the place by eminent domain proceedings by any public body has ever been made. It is possible for vehicles to pass over the portion of Snell Place owned by Mrs. Reynolds from South Main Street to her eastern boundary, and then to continue east across an unsurfaced roadway to Montello Street. Such passing does take place from time to time and nothing is done to prevent it.

The defendant in substance requested the judge to rule (1) that the Commonwealth had failed to prove that the defendant had operated in a "place to which the public has a right of access"; (2) that "[p]rivately owned property to which the public has access only by virtue of being business invitees is not" such a place within G. L. c. 90, § 24; (3) that § 24 refers to a place to which the public has a "legal right of access as distinguished from . . . a place to which the public has access at the pleasure of an individual" owner; and (4) that the conferring of a parking privilege upon members of the public by the owner or person in control does not constitute a "right of access" within § 24. All these requests were denied and the defendant duly excepted.

In *General Acc. Fire & Life Assur. Corp. Ltd.* v. *Brow,* 327 Mass. 225, 227–228, this court held that the coverage of a compulsory motor vehicle insurance policy issued under G. L. c. 90, § 34A, insuring against liability for accidents "upon the ways of the" Commonwealth, extends to a way, public or private, laid out under authority of a statute in a veterans' housing development. Cf. *Farrell* v. *Branconmier,* 337 Mass. 366, 368, where a trial judge was upheld in finding that, for purposes of compulsory insurance coverage, a town park upon which there were "no roads, paved or otherwise," was not a way, even though the public was allowed to park motor vehicles there.

Because the language of § 34A varies somewhat from that found in § 24 with respect to ways, the cases under § 34A are helpful here only by way of analogy and are not controlling. In any event, they do not deal directly with whether it was the legislative purpose to include private property, over which there is no public easement, within the definition of "way." It is unnecessary for us to decide in the present case whether a public property like that considered in the *Branconmier* case would be, under § 24, a "place to which the public has a right of access." We do hold, however, that the Legislature has not included within the scope of § 24 privately owned places, not shown to be subject to any general public easement as of right. Criminal laws are to be strictly construed and are not to be extended merely by implication. *Libby* v. *New York, N. H. & H. R.R.* 273 Mass. 522, 525–526. *Nickerson* v. *Boston Elev. Ry.* 319 Mass. 220, 223. Section 24 is a penal statute. *Commonwealth* v. *Lyseth,* 250 Mass. 555, 558. See *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 97. If the Legislature had wished to include areas like Mrs. Reynolds's portion of Snell Place, to which members of the public have access only as business invitees or licensees, within the penal prohibitions of § 24, it would have been appropriate for it to have made a clear and specific provision to this effect. The defendant's requested rulings should have been given.                          *Exceptions sustained.*