COMMONWEALTH *vs.* ANDREW J. LANGENFELD. March 27, 1973. The defendant was convicted, after a trial by a jury of six in the District Court of Lowell on a complaint charging that the defendant ". . . did operate an automobile on a way (in a place) to which the public has a right of access . . . while under the influence of intoxicating liquor . . .." The defendant's bill of exceptions to the Supreme Judicial Court (see St. 1971, c. 659, and G. L. c. 218, § 27A) was transferred to this court pursuant to the provisions of G. L. c. 211A, §§ 10 and 12. The defendant was arrested while operating his automobile in the parking lot of a shopping center. The defendant duly excepted to the denial of his motion for a directed verdict. It was not shown that the defendant operated upon any way or in any place to which the public has a right of access within the meaning of G. L. c. 90, § 24 (1)(a). Private property to which the public has access only by virtue of being invitees is not a place to which the public has a right of access within the meaning of that section. *Commonwealth* v. *Paccia,* 338 Mass. 4, 6. We are not called upon to decide the effect of the amendment to G. L. c. 90, § 24, which was

effected by St. 1961, c. 347, as the defendant was not charged under that amendment. A criminal offence must be proved as charged. *Commonwealth* v. *Ancillo,* 350 Mass. 427, 430. The defendant's motion for a directed verdict should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*

*Edward M. Viola* for the defendant.

*Barbara A. H. Smith,* Assistant District Attorney *(Terence M. Troyer,* Assistant District Attorney, with her) for the Commonwealth.