OPINION OF THE COURT
Kenneth K. Rohl, J.
The defendant, Henry Ostermeier, is charged with a single count of unauthorized use of a motor vehicle in the third degree. This crime, sometimes referred to as “joyriding”, is alleged to have occurred at approximately 1:00 a.m. on September 27,1982 on the campus of the State University College at Farmingdale (S.U.N.Y.), Suffolk County, New York, when the defendant allegedly without the consent of the owner “took, operated, exercised control over, rode in and otherwise used an International Harvester” farm-type tractor about that property.
Mr. Ostermeier now moves to dismiss the indictment upon the grounds that a farm-type tractor is not a vehicle within the meaning of subdivision 1 of section 165.05 of the Penal Law.
At the time the alleged crime was committed, the defendant was employed by S.U.N.Y. and apparently had permission to operate the tractor during his daytime work *69 hours. There is no allegation that the defendant ever attempted to remove the tractor from the Farmingdale campus.
In relevant part, subdivision 1 of section 165.05 provides that:
“A person is guilty of unauthorized use of a vehicle in the third degree when:
“1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle” (emphasis added).
Subdivision 14 of section 10.00 of the Penal Law defines a “vehicle” as: “a ‘motor vehicle’, ‘trailer’ or ‘semi-trailer,’ as defined in the vehicle and traffic law, any snowmobile as defined in the parks and recreation law, any aircraft, or any vessel equipped for propulsion by mechanical means or by sail.” (Emphasis added.)
The term “motor vehicle” is defined in pertinent part as: “[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power” (Vehicle and Traffic Law, § 125; emphasis added).
Defendant contends that construction of the afore-mentioned statutes requires a finding that the Legislature did not intend to punish as criminal the unauthorized use of a farm-type tractor operated on a S.U.N.Y. campus.
The court has not found, nor have any of the parties cited any cases dispositive of the issues raised.
Construction as a procedure for ascertaining the Legislature’s intent in enacting a statute has been defined “as the art or process of determining the proper meaning or application of provisions contained in statutes or other written instruments.” Where construction is required it may be reached by reasoning “from extraneous connected circumstances, laws, or writings, bearing on the same or a connected matter, or by seeking and applying the probable aim and purpose of the provision.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 71, pp 138,139.) It is the duty of the court to construe all parts of a statute together and reference may be made to another statute which is in pari materia to aid in determining the legislative intent and *70 purpose (McKinney’s Cons Laws of NY, Book 1, Statutes, § 221, subd a).
Section 5.00 of the Penal Law further provides that “[t]he general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Emphasis added.)
“[I]t is only in extraordinary cases that the court is justified in extending the application of the statute beyond the plain words thereof, and notwithstanding the statutory rule for the construction of penal laws, if a statute makes penal the doing of something not previously unlawful, the language of the statute should be given a reasonable construction to carry into effect the purpose of the Legislature, but it cannot be enlarged, so as to make penal what is not plainly written in the statute itself. Words employed in such a statute should be given their ordinary and usual meaning, and should not be so construed as to make out a crime by implication.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 276, p 446; People v Gottlieb, 36 NY2d 629.)
While this rule obviously precludes the imposition of a criminal sanction for conduct not within the scope of the Penal Law, it does not require the court to engage in hypertechnical or strained interpretations of the statute and conduct falling within “the plain, natural meaning of the language of a Penal Law provision may be punished as criminal.” (People v Ditta, 52 NY2d 657.)
As stated supra, subdivision 14 of section 10.00 of the Penal Law via section 125 of the Vehicle and Traffic Law defines a vehicle as a motor vehicle, to wit, a vehicle operated or driven upon a public highway.
Threshold questions, therefore, arise as to whether a S.U.N.Y. campus is a public highway (see Vehicle and Traffic Law, § 125) and whether, in any event, such a determination is a condition precedent to a finding that a farm-type tractor is a vehicle within the meaning of section 165.05.
A public highway is a “highway, road, street, avenue, alley, public place, public driveway or any other public *71 way” (Vehicle and Traffic Law, § 134). The unstated but common denominator which binds the subjects is that for something to be a public highway it must be a way over which the public has a general right of passage and not a place or area of restricted usage (see People v County of Westchester, 282 NY 224; People v Thew, 44 NY2d 681; cf. People v Conzo, 100 Misc 2d 143). In the instant case, there can be no doubt that the Farmingdale campus and the roads thereat are provided for the convenience of those attending or working at the college and not intended for use by the public at large. Accordingly, I find that the State University College at Farmingdale is not a public highway within the meaning and intent of the Vehicle and Traffic Law.
However, for reasons stated infra, this finding does not automatically place a farm-type tractor used on a college campus without the definition of a “motor vehicle”.
Section 362 of the Education Law (powers to regulate traffic on university grounds) specifically empowers the board of trustees to adopt and enforce such provisions of the Vehicle and Traffic Law as control or regulate vehicular traffic (subd 1, pars a, b) and makes a violation of any section of the Vehicle and Traffic Law adopted by said board “a misdemeanor or traffic infraction as designated in such law * * * punishable as therein provided” (subd 2).
In this regard, the regulations of the Board of Trustees provide that: “[t]he Vehicle and Traffic Law shall apply upon such premises [S.U.N.Y. campuses] notwithstanding any references in such law to public highways, streets, roads or sidewalks.” (8 NYCRR 560.2 [a] [1]; emphasis added.)
The regulations of the Council of the State University College at Farmingdale, as approved by the board of trustees, further provide: “The motor vehicle laws of the State of New York are applicable and enforceable * * * on property maintained by the State University.” (8 NYCRR 569.2 [a].)
Pursuant to the exception enumerated in section 362 of the Education Law and the rules and regulations thereunder, a vehicle propelled by any power other than muscular power and which is operated or driven on a S.U.N.Y. *72 campus is to be considered a “motor vehicle” for purposes of determining violation of the Vehicle and Traffic Law. Clearly, a farm-type tractor is a vehicle propelled by other than muscular power and when operated on a S.U.N.Y. campus is therefore a motor vehicle. In so concluding, the court notes that said tractor’s operation primarily upon farmland integral to the college’s agricultural program does not cause it to lose its character as a motor vehicle.
The remaining question is whether the Legislature intended to restrict joyriding violations to those which occur solely upon public roadways or whether such a violation occurs regardless of the actual situs of the alleged crime.
Section 1293-a of the Penal Law of 1909 (the predecessor of Penal Law, § 165.05) made the mere taking, using or operating a motor vehicle without the. consent of the owner a crime. That language was both incorporated into section 165.05 of the revised Penal Law and extended by that section to make unauthorized use of a vehicle a crime when the person “takes, operates, exercises control over, rides in or otherwise uses a vehicle” (emphasis added). (People v McCaleb, 25 NY2d 394).
In People v Roby (39 NY2d 69, 71), the court held that since there “is no minimum time limit for unauthorized occupation” a defendant was properly convicted of unauthorized use of a vehicle where he was found in the front seat of a stolen automobile even though the motor was not running and the key was not in the ignition.
In People v McCaleb (25 NY2d 394, 399) the court affirmed defendant’s conviction for joyriding stating: “The exercise of control is not limited to a moving vehicle, for otherwise it would be largely synonymous with ‘operates,’ or covered by ‘riding’. Thus barring the owner or others from entry into the car might constitute such control, as might the temporary use of the vehicle, or its motor, for a purpose accomplished while the vehicle remains or has become stationary” (emphasis added).
Subdivision 14 of section 10.00 of the Penal Law does not restrict the definition of “vehicle” to only “motor vehicles” but includes various types of transportation devices used on water (vessels propelled mechanically or by sail); in the skies (aircraft) or even on undeveloped lands (snowmo *73 biles). Indeed, the inclusion of snowmobiles within the definition (L 1975, ch 686) resulted from the dramatic growth in their popularity and the attendant problems of trespass on public and private property and of vehicular safety. (Hechtman, 1975 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 10.00, 1982-1983 Pocket Part, p 8.)
Clearly, the Legislature’s intent in exacting section 165.05 of the Penal Law was to make criminal conduct whereby a person, without the owner’s permission and for the most minimal amount of time, operates or exercises control over a vehicle regardless of where said conduct occurs.
I therefore find that an individual who drives or otherwise exercises control over a tractor on a S.U.N.Y. campus may be prosecuted for unauthorized use of a vehicle.
I have inspected the Grand Jury minutes and find them legally sufficient to sustain the charge contained in Indictment No. 3017/82, which in turn contains a plain and concise factual statement with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation.
Accordingly, the defendant’s motion to dismiss Indictment No. 3017/82 is in all respects denied.
[Portions of opinion omitted for purposes of publication.]