OPINION OF THE COURT
Ute Wolff Lally, J.
Defendant has moved for an order dismissing the simplified traffic information charging him with a violation of Vehicle and Traffic Law § 1192 (2) on the ground of facial insufficiency pursuant to CPL 170.30 and 170.35 and 100.25 (2) and 100.40 (2). Defendant argues that the simplified traffic information and supporting deposition fail to provide reasonable cause to believe that he operated his motor vehicle on a "public highway”, a prerequisite to a conviction upon this charge.
*857 The simplified traffic information lists in the box calling for the street name "Exit ramp S.S. Pkway at Meadowbrook Rd., Merrick, County of Nassau.” The supporting deposition fails to amplify the location where the offense occurred and states the following: "I received radio assignment to the exit ramp of the Southern State Parkway at Meadowbrook Road, Merrick for a possible aided male slumped out of window of a van. Upon arrival, I saw defendant sitting behind the wheel of the vehicle N.Y. Reg. HL7043 a tan Ford van with the engine running. Defendant had an odor of an alcoholic beverage on his breath that I smelled, his speech was slurred and upon exiting the vehicle he staggered and swayed while walking”.
In support of his motion to dismiss defendant has submitted two affidavits, his own and that of his brother, John Has-zinger, who picked up the motor vehicle in question. Said affidavits assert that the car was located "6 feet into the grassy lawn off the exit ramp.” In their affirmation in opposition the People have not disputed this allegation. It is the defendant’s position that the People have failed to allege a necessary element to prove the defendant guilty of the charge, namely operation of a motor vehicle on a public highway in that the grassy area adjoining the exit ramp is not included in the definition of "public highway”.
Defendant is correct in his assertion that in order to be convicted of a violation of section 1192 (2) of the Vehicle and Traffic Law he must be found to have operated a motor vehicle on a public highway. In accordance with section 1100 (a) of the Vehicle and Traffic Law the provisions of Vehicle and Traffic Law § 1192 apply "upon public highways, private roads open to public motor vehicle traffic and any other parking lot, except where a different place is specifically referred to in a given section.” Further, Vehicle and Traffic Law § 125 defines a motor vehicle as "[e]very vehicle operated or driven upon a public highway”, and section 134 defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way.” (People v Kolinsky, 111 Misc 2d 633; People v Edsall, 111 Misc 2d 767; People v Ostermeier, 118 Misc 2d 68.)
Therefore, the issue to be determined here is whether the grass adjoining an exit ramp falls within the definition of public highway.
In People v County of Westchester (282 NY 224, 228), the Court of Appeals defined public highway with reference to the *858 Vehicle and Traffic Law as a road or place "over which the public has had a * * * right of passage”, and thus declared the Hutchinson River Parkway to be a public highway. This definition was refined in People v Thew (44 NY2d 681), where a 150 foot by 45 foot parking lot located in front of a building housing a tavern on the first floor and a one-family dwelling on the second floor was found not to come within the bounds of the definition as set forth in Vehicle and Traffic Law § 134. The court there reasoned that parking lot use was restricted to patrons of the tavern and the second floor tenants and their guests and, consequently, the public did not have a right of passage.
The same conclusions were reached in People v Conzo (100 Misc 2d 143), where the parking lot in front of a shopping center was found not to be within the meaning of public highway and in People v Ostermeier (supra), where the campus and the roads within the State University College at Farming-dale (SUNY) were also considered to be outside of the bounds of the definition of public highway.
Different conclusions were reached by the court in People v Kolinsky (supra), where the defendant was operating a motorcycle or dirt bike in Cunningham Park, Queens. There the court found the definition of public highway to be sufficiently broad to include the park because of its public character and the State’s interests in public health and safety. In People v Edsall (supra), defendant was found parked on a pull-off from the paved thoroughfare in a public park after 10:00 p.m., at which time the public was only allowed to enter with a permit. Here again, the court found this pull-off to fall within the definition of public highway.
In examining the above cases, the common thread is evident. If the situs in question is of a public nature, open to the public-at-large, restricted only by the requirement of a permit, payment of fees, or other special circumstances it falls within the definition of public highway as opposed to a private site such as a private parking lot, the use of which is limited to customers, guests, invitees, etc., of the private enterprise.
While normal vehicular traffic does not travel on the lawn adjoining a road, the public has a "right of passage” thereon under certain circumstances. For example, if a motorist experiences mechanical difficulties, equipment failure, illness or the like, he would be expected to pull off from the road onto the adjoining area. Further, in most cases ingress to and *859 egress from these adjoining areas can only be obtained from the actual road. It is also noted that the definition of public highway pursuant to Vehicle and Traffic Law § 134 includes a broad array of passageways such as "alley”, "public place” and "any other public way”.
Based upon the foregoing this court finds that the area adjoining a public highway where cars can readily pull off, be it grass, dirt, gravel or paved, is part of the public highway, and falls within the bounds of its definition for purposes of Vehicle and Traffic Law violations. It would defy logic to permit motorists to drive on an area adjoining the road with total disregard of the Vehicle and Traffic Law.
Accordingly, defendant’s motion is hereby denied.