881 P.2d 551

STATE of Idaho, Plaintiff–Respondent,

v.

Roy Gene GIBSON, Defendant–Appellant.

No. 20817.

Court of Appeals of Idaho.

July 15, 1994.

Petition for Review Denied Oct. 6, 1994.

William J. Brauner, Caldwell, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for respondent.

PERRY, Judge.

Roy Gibson appeals from the district court's memorandum opinion and order affirming the magistrate's denial of his motion to dismiss. The sole issue on appeal is whether the magistrate correctly held that the parking lot of the Pasttime Bar, where Roy Gibson was cited for driving under the influence (DUI), qualifies as "private property open to the public," within the meaning of I.C. § 18–8004(1)(a). We affirm.

On July 3, 1992, Gibson left the Pasttime Bar in Murphy, Idaho, started up his vehicle and drove into the building where the bar was located. He was charged with DUI, pursuant to I.C. § 18–8004(1)(a). Claiming that the DUI statute does not apply to the operation of a motor vehicle in a privately-owned parking lot, Gibson moved, unsuccessfully, for dismissal of the charge. Thereafter, Gibson entered a conditional plea of guilty to DUI and preserved his right to appeal from the magistrate's denial of his motion to dismiss. He appealed first to the district court, which affirmed the magistrate's decision. He now appeals from the district court's opinion and order.

Where the issues before the appellate court are the same as those presented to the district court sitting in its appellate capacity, we will review the trial record with due regard for, but independently from the district court's decision. *In re Baby Boy Doe,* 123 Idaho 464, 849 P.2d 925 (1993); *Haley v. Clinton,* 123 Idaho 707, 851 P.2d 1003 (Ct.App.1993). As to questions concerning the application of law, we will exercise free review. *Everitt v. Higgins,* 122 Idaho 708, 838 P.2d 311 (Ct.App.1992). In determining the legislative intent as to the scope of a statute, the appellate court will examine the reasonableness of proposed in-

terpretations and policy behind statutes so that all sections of the applicable statutes can be construed together. *J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 820 P.2d 1206 (1991).

■ On appeal, Gibson contends that I.C. § 18–8004 does not apply to prohibit driving while under the influence in a parking lot on private property such as the Pasttime Bar. He asserts that the parking lot is not open to the general public and that it is only for the use of customers, guests, and other persons with a business reason to be on the premises. He specifically urges us to interpret the statutory language, "private property open to the public," in conformity with the definition found in I.C. § 49–117(14) of the motor vehicle code.

Prior to 1980, I.C. § 49–1102 provided that:

> It is unlawful and punishable ... for any person who is under the influence of intoxicating beverages to drive or to be in actual physical control of any motor vehicle within this state.

By amendment to Idaho's DUI statute in 1980, the legislature added language following the words "within this state," particularizing where driving under the influence was prohibited, i.e., "whether upon a highway, street or bridge or upon public or private property open to public use." In a companion statute, I.C. § 49–1103, the same language was added to define where, within the state, reckless driving was prohibited. *See* 1980 Idaho Sess.Laws, ch. 165, § 1, p. 353.

In 1984, when the DUI statute (I.C. § 49–1102) was repealed and redesignated as I.C. § 18–8004, the relevant language was modified as follows:

> It is unlawful for any person who is under the influence of alcohol ... to drive or to be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

*See* 1984 Idaho Sess.Laws, ch. 22, § 2, p. 25. The wording of the DUI statute remains the same in its current form, as shown above, and there is no Idaho case law to date inter-

preting the words, "private property open to the public," found therein.

Four years after the DUI statute was moved to Title 18, the legislature provided a definition of "private property open to the public" which was codified in I.C. § 49–117(14). *See* Idaho Sess.Laws 1988, ch. 265, § 2, p. 549. According to the statute,

> 'Private property open to the public' means real property not owned by the federal government or the state of Idaho or any of its political subdivisions, but is available for vehicular traffic or parking by the general public with the permission of the owner or agent of the real property.

I.C. § 49–117(14). Gibson asserts, therefore, that, applying this definition to the DUI statute, he cannot be held liable for driving while intoxicated, where the bar owner and lessee testified by affidavit that the parking lot of the Pasttime Bar was not open to the general public. We disagree.

First, the statutory definitions in I.C. §§ 49–102 to –127 are to be exclusively applied to words and phrases used in Title 49. I.C. § 49–101. Although the definition found in I.C. § 49–117(14) is applicable to the reckless driving statute, I.C. § 49–1401, it is not automatic that the legislature would make use of the same definition in I.C. § 18–8004 to describe the locations where driving under the influence is prohibited. Without an express provision to do so, we decline to engraft the definition of I.C. § 49–117(14) onto our interpretation of "private property open to the public" as used in I.C. § 18–8004. Therefore, we uphold the magistrate's conclusion that the DUI statute which is not part of the motor vehicle code, is not subject to the definition in Title 49.

Moreover, in construing a statute, the court must give statutory words their plain, usual and ordinary meaning. *Sherwood v. Carter*, 119 Idaho 246, 805 P.2d 452 (1991); *State v. Moore*, 111 Idaho 854, 727 P.2d 1282 (Ct.App.1986). "General public," as used in I.C. § 49–117(14), is commonly understood to include all people, and we reject Gibson's attempt to distinguish members of the general public from customers of the bar who alone have the owner's permission to be on the property. Therefore, even if we were to

apply the definition in I.C. § 49–117(14), we hold that the parking lot of the Pasttime Bar fits within the definition of "private property open to the public." We conclude that Gibson's argument fails whether or not we apply the definition from I.C. § 49–117(14).

Gibson cites case law from other jurisdictions analyzing the applicability of DUI statutes to the operation of motor vehicles in private parking lots such as the one adjacent to the Pasttime Bar. However, these cases interpret statutory language to limit criminal culpability to driving in parking lots upon "highways and private roads open to public motor vehicle traffic" (*see People v. Kenyon*, 85 A.D.2d 916, 446 N.Y.S.2d 783 (1981); *People v. Thew*, 44 N.Y.2d 681, 405 N.Y.S.2d 433, 376 N.E.2d 906 (1978); *People v. Haszinger*, 149 Misc.2d 856, 567 N.Y.S.2d 575 (1991)) and in a "place to which the public has a right of access." *See Commonwealth v. Paccia*, 338 Mass. 4, 153 N.E.2d 664 (1958); *Commonwealth v. Langenfeld*, 1 Mass.App. Ct. 813, 294 N.E.2d 457 (1973). None of the statutes examined by Gibson proscribes driving while intoxicated on "private property open to the public," as does I.C. § 18–8004.

We find persuasive the Connecticut Supreme Court's interpretation of "open to public use" found in the Connecticut DUI law restricting the operation of a motor vehicle in a parking area, by a driver under the influence of alcohol, and we reproduce the Court's comments here.

> For an area to be "open to public use" it does not have to be open to "everybody all the time." The essential feature of a public use is that it is not confined to privileged individuals or groups whose fitness or eligibility is gauged by some predetermined criteria, but is open to the indefinite public. It is the indefiniteness or unrestricted quality of potential users that gives a use its public character.
> A place is "public" to which the public is invited either expressly or by implication to come for the purpose of trading or transacting business. "[A]ny parking lot ... which the general public has access to, is a public parking lot." "The terms 'open to the public' and to which 'the public has access' [in drunk driving statutes] are usu-

ally held to be broad enough to cover parking lots of restaurants, shopping centers, and other areas where the public is invited to enter and conduct business. *State v. Boucher*, 207 Conn. 612, 541 A.2d, 865, 867–68 (1988). (Citations omitted).

In ruling that the parking lot of the Pasttime Bar was private property open to the public, the magistrate found that the lot was not restricted by physical barriers or posted signs controlling access to the property. The magistrate also found that the nature of the property was such that any member of the general public who wanted to patronize the bar could come onto the property. We conclude, as did the magistrate, that the parking lot of the Pasttime Bar was maintained for the use of any members of the public who wanted to patronize the business or for members of the public who did not want to patronize the bar but, for example, wanted to turn their vehicles around.

We affirm the magistrate's order, as well as the district court's appellate opinion, denying Gibson's motion to dismiss the DUI charge based on the operation of his vehicle in the parking lot of the Pasttime Bar.

WALTERS, C.J., and LANSING, J., concur.