943 P.2d 926

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Cecil BILBAO, Defendant–Respondent.**

No. 23300.

Supreme Court of Idaho, Boise, May 1997 Term.

Aug. 7, 1997.

Alan G. Lance, Attorney General, Boise, Nancy L. Werdel, Deputy Prosecuting Attorney, for plaintiff–appellant. David H. Bieter argued.

R. Brad Masingill, Weiser, for defendant–respondent.

TROUT, Chief Justice.

This is an appeal from the dismissal of six misdemeanor counts of subdividing land in violation of the Adams County Subdivision Ordinance (Ordinance) against Cecil Bilbao. We vacate and remand.

## I.

### BACKGROUND

In August 1984, the Board of Commissioners of Adams County (Board) approved Bilbao's plan to subdivide into six lots property owned in partnership by Bilbao, his wife, and his daughter. Bilbao subsequently recorded a plat reflecting the property's division into six lots. In April 1985, Bilbao filed with the Adams County Recorder a record of survey of the same. The survey, however, showed the property divided into nine, rather than six, lots. In the spring of 1994, Bilbao entered into contracts with third parties for the sale of some of the nine lots.

## II.

### PROCEDURAL HISTORY

On September 9, 1994, Bilbao was charged with six misdemeanor counts of subdividing land in violation of the Ordinance. On February 8, 1995, Bilbao moved to dismiss the charges on the ground that the one-year statute of limitations had run, contending that any allegedly illegal subdivision occurred with the filing of the land survey in 1985. The magistrate agreed and dismissed the charges. On appeal, the district court affirmed the dismissal. The State appeals, arguing that the filing of the land survey in 1985 did not effect a subdivision under the Ordinance.

## III.

## DISCUSSION

 Where a district judge sits in an appellate capacity, we review the decision of the magistrate directly, but with due regard for the district judge's ruling. *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993) (citing *McNelis v. McNelis,* 119 Idaho 349, 351, 806 P.2d 442, 444 (1991)). We will uphold the magistrate's findings of fact if supported by substantial competent evidence. *Id.* at 958, 855 P.2d at 43 (citing *Shurtliff v. Shurtliff,* 112 Idaho 1031, 1033, 739 P.2d 330, 332 (1987)). Whether the magistrate erred as a matter of law in dismissing a criminal action is a question of law over which we exercise free review. *State v. Swenson,* 119 Idaho 706, 708, 809 P.2d 1185, 1187 (Ct.App.1991).

 Under the Ordinance, before anyone may subdivide land, they must first obtain the approval of the Board. Violation of this provision is a misdemeanor. The Ordinance defines "subdivision" as:

> The division of an original lot, tract, or parcel of land into more than two parts less than forty (40) acres in size for the purpose of: transfer of ownership for development, the dedication of a public street or the addition to or creation of a cemetery. The term "development" includes, but is not necessarily limited to, improvements for residential, industrial or recreational use....

In this definition, the Ordinance makes clear that two elements are required for a subdivision to occur. The first is the act of division. The second is an intent element: the land must have been divided with the purpose of transfer of ownership for development.

Before the magistrate, Bilbao argued that the allegedly illegal subdivision in this case occurred in 1985 with the filing of the land survey indicating nine lots. The magistrate agreed and concluded that the statute of limitations had run, thereby barring Bilbao's prosecution.

We disagree with the magistrate's dismissal of the case based upon the statute of limitations. The only issue before us is whether the record before the magistrate supports the conclusion that a criminal act occurred in April 1985 with the filing of the land survey. This record consists only of the criminal complaint, the Ordinance, and the parties' briefs on Bilbao's motion to dismiss, which included a copy of the filed land survey. On the basis of this record, the magistrate determined that the allegedly illegal subdivision had occurred in 1985 with the filing of the land survey.

 We hold that the magistrate erred in so concluding. In support of this decision, the magistrate relied on *Robinson v. Lintz,* 101 Ariz. 448, 420 P.2d 923 (1966). In that case, the court held that the act of recording a subdivision plat legally establishes each lot described within it. Relying on this case, the magistrate below ruled that the allegedly illegal subdivision occurred in 1985 with the filing of the land survey. He reasoned:

> In the present case, the Adams County Commission [had] the authority to require that Bilbao comply with the terms of the Subdivision Ordinance before he filed his plat.... The substance of the allegation [in the complaint] is that he did not meet the County's requirements before filing the *second plat.* That is the point where he may have violated the Ordinance.

(emphasis added). As is evident from this passage, the magistrate mistakenly viewed the record of survey which Bilbao filed in 1985 as an actual plat. The record before the magistrate, though, clearly indicates that the document Bilbao filed at that time is not a plat but rather a record of survey. Records of survey and plats are not synonymous. A record of survey is not intended to serve as evidence or notice that a landowner is seeking to partition into lots one of his tracts of land. *See* I.C. §§ 55–1901 to –1904. In marked contrast, the recording of a subdivision plat is intended to partition property. *See id.* § 50–1312. Not only does the recording of a plat deed to the public rights of way and common areas, but it also serves to create legally-recognized lots within the subdivision. *See id.; Robinson,* 420 P.2d at 927. The mere filing of a land survey carries with it no such consequences. The magistrate

therefore clearly erred in treating the 1985 land survey as a plat.

 Because the document filed by Bilbao in 1985 was a land survey and not a plat, we hold that the record before the magistrate does not support his conclusion that a criminal act occurred in 1985. For a subdivision to have occurred under the Ordinance, there must have been a division of land for the purpose of transfer of ownership for development. A land survey does not divide land, nor does the filing of such a survey indicate with what intent the landowner surveyed his property. Because there is no support in the record for the conclusion that a criminal act occurred in 1985, the statute of limitations for the misdemeanor charges of illegal subdivision brought against Bilbao has not run. The magistrate thus erred in dismissing the complaint.

## IV.

## CONCLUSION

Because the filing of a land survey by itself cannot effect a subdivision as defined in the Ordinance, we hold that the magistrate erred in concluding that a criminal act occurred in 1985 with the filing of the land survey. We therefore vacate the magistrate's dismissal of the State's charges against Bilbao and remand for further proceedings.

JOHNSON, McDEVITT, SILAK and SCHROEDER, JJ., concur.