974 P.2d 1105

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clifford Joe KNOTT, Jr., Defendant–Appellant.**

No. 24265.

Supreme Court of Idaho,
Boise, December 1998 Term.

April 5, 1999.

---

Alexanderson, Davis, Rainey & Whitney, Caldwell, for appellant. Ronald P. Rainey argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for the respondent. Kenneth K. Jorgensen argued.

SCHROEDER, Justice

Clifford Joe Knott, Jr. (Knott) appeals his conviction of driving under the influence (DUI). The citation was issued to Knott under the statutory language of section 18–8004 of the Idaho Code (I.C.) for conduct that occurred on "private property open to the public." Knott argues that the conduct giving rise to the charge occurred on a private residential driveway not open to the public, and, therefore, his conduct did not fall within the DUI statute.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

At about 3:20 a.m. on April 21, 1996, the Nampa Police Department received a call regarding loud music and honking horns behind a residence located in Nampa. The police observed a pickup backing out of a driveway, but the vehicle never left the drive-

way. Knott was charged with DUI under I.C. § 18–8004. A subsequent blood alcohol content (BAC) test revealed that he had a 0.15 alcohol level.

Knott waived a jury trial. He stipulated with the State to submit the charge to the court on testimony produced at a hearing on a motion to dismiss coupled with the affidavits of the tenants of the home where he was arrested. Knott argued that when he was charged with DUI, he was on private property not open to the public and, thus, no chargeable offense occurred. The magistrate found Knott guilty of second offense DUI by operating a motor vehicle in the state "on private property open to the public" with a BAC of 0.15.

Knott appealed to the district court. The district court concluded that the driveway was "private property open to the public" within the meaning of I.C. § 18–8004, as further defined in I.C. § 49–117(15) (Supp. 1996).[1] Knott appeals the decision.

## II.

### STANDARD OF REVIEW

On an appeal from a decision of a magistrate following an appeal to a district judge sitting as an appellate court, the record is reviewed with due regard for, but independently from, the district court's decision. This Court will uphold the findings of the magistrate court if the findings are supported by substantial and competent evidence. However, issues of law are freely reviewed by this Court.

*State v. Stevens,* 126 Idaho 822, 823, 892 P.2d 889, 900 (1995) (citations omitted). *See State v. Bilbao,* 130 Idaho 500, 502, 943 P.2d 926, 928 (1997).

## III.

### THE OFFENSE CHARGED DID NOT OCCUR ON PRIVATE PROPERTY OPEN TO THE PUBLIC.

The magistrate found that the location where the conduct giving rise to the charge

---

1. The 1997 Idaho Legislature added new definitions to I.C. § 49–117 and renumbered the subsections. 1997 Idaho Sess. Laws ch. 80, § 6. Consequently, the definition of "private property open to the public" formerly at I.C. § 49–117(15) is now found at I.C. § 49–117(16). The definition was not changed by the 1997 amendment. The decision will refer and cite to the subsection number as it appeared at the time of the offense.

occurred was used as a driveway and parking area, and that the location "was regularly used for vehicular ingress and egress of any person coming to the premises for social or business reasons." The magistrate rejected contentions that access was limited to invited guests. This factual finding is not disputed by Knott who claims that as a matter of law a residential driveway is excluded from I.C. § 18–8004. At the time of the offense charged, section 18–8004 provided in pertinent part:

> It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of [0.10] ... to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.[2]

I.C. § 18–8004(1)(a) (Supp.1996). Knott contends that a residential driveway is private property not open to the public. The phrase, "private property open to the public" and other relevant terms are defined in Title 49, the motor vehicle code. The State, however, asserts that the definitions found in Title 49 do not apply to a DUI charge in Title 18.

■ Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written without engaging in statutory construction. *State v. McCoy*, 128 Idaho 362, 365, 913 P.2d 578, 581 (1996). Unless the result is palpably absurd, this Court assumes that the legislature meant what is clearly stated in the statute. *Miller v. State*, 110 Idaho 298, 299, 715 P.2d 968, 969 (1986). However, where ambiguity exists as to the elements or potential sanctions of a crime, the Court will strictly construe the criminal statute in favor of the defendant. *State v. Thompson*, 101 Idaho 430, 437, 614 P.2d 970, 977 (1980). Furthermore, where the Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Messenger v. Burns*, 86 Idaho 26, 29, 382 P.2d 913, 915 (1963). To ascertain the

intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* at 29–30, 382 P.2d at 915.

Prior to 1984, Idaho's DUI and reckless driving laws were in Title 49, I.C. §§ 49–1102 and 49–1103 respectively. They did not apply uniformly to Idaho roads and byways. The reckless driving statute applied only to

> [a]ny person *who drives ... any vehicle upon a highway ...* carelessly and heedlessly, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property.

1980 Idaho Sess. Laws ch. 165, § 2, p. 355 (emphasis added). Idaho's DUI statute provided:

> It is unlawful and punishable ... for any person who is under the influence of intoxicating beverages *to drive or be in actual physical control of any motor vehicle within this state ....*

*Id.* § 1, p. 354 (emphasis added).

The 1980 legislature amended both statutes. The title of the Act states that this is an amendment "[r]elating to operation of motor vehicles ... to provide clarification of where it is unlawful and when it is punishable to operate or be in actual physical control of a motor vehicle while under the influence." *Id.* at 353. The statement of purpose which accompanied the 1980 amendments to I.C. §§ 49–1102 and 49–1103 explained that the legislature believed that prior to 1980 only acts of reckless driving on streets, highways and bridges were punishable. Statement of Purpose, RS 5374, H.B. No. 502 (1980). The statement of purpose further explained that "[u]nder this act, school parking lots, park areas, and shopping mall parking lots, etc. would be included. It does not include private property not intended for public use." *Id.*

In 1984 section 49–1102, the DUI statute, was repealed and redesignated as I.C. § 18–8004 in the criminal code with some modification in the language. The relevant language was modified as follows:

---

2. The statute has been amended to reduce the     alcohol concentration level to .08.

It is unlawful for any person who is under the influence of alcohol ... to drive or to be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

1984 Idaho Sess. Laws ch. 22, § 2, p. 29.

In 1988 the legislature provided a definition of "private property open to the public" which was later codified in I.C. § 49–117(15) (Supp.1996). 1988 Idaho Sess. Laws ch. 265, § 2, p. 563. According to the statute,

"[p]rivate property open to the public" means real property not owned by the federal government or the state of Idaho or any of its political subdivisions, but is available for vehicular traffic or parking by the general public with the permission of the owner or agent of the real property.

I.C. § 49–117(15) (Supp.1996).

The State's position is capsulized in a Court of Appeals decision, *State v. Gibson*, 126 Idaho 256, 881 P.2d 551 (Ct.App.1994). Gibson was arrested in a bar parking lot for DUI under I.C. § 18–8004 after he drove his vehicle into the cinder-block wall of the building. *Id.* at 256, 881 P.2d at 551. He moved unsuccessfully for dismissal of the charge, arguing that section 18–8004 did not apply in prohibiting DUI in a parking lot on private property. *Id.* at 256, 881 P.2d at 551. Gibson urged the court to apply the definition of "private property open to the public" found in section 49–117 to section 18–8004. *Id.* at 257, 881 P.2d at 552. The court held:

[T]he statutory definitions in I.C. §§ 49–102 to –127 are to be exclusively applied to words and phrases used in Title 49. I.C. § 49–101. Although the definition found in I.C. § 49–117[15] is applicable to the reckless driving statute, I.C. § 49–1401, it is not automatic that the legislature would make use of the same definition in I.C. § 18–8004 to describe the locations where driving under the influence is prohibited. Without an express provision to do so, we decline to engraft the definition of I.C. § 49–117[15] onto our interpretation of "private property open to the public" as used in I.C. § 18–8004. Therefore, we uphold the magistrate's conclusion that the DUI statute which is not part of the motor

vehicle code, is not subject to the definition in Title 49.

*Id.*

This Court declines to adopt the reasoning in *Gibson.* There is no express language of exclusivity in I.C. § 49–101. Section 49–101 only declares that "[w]ords and phrases used in this title are defined in sections 49–102 through 49–127, Idaho Code." However, this is not conclusive, as observed in *Maguire v. Yanke*, 99 Idaho 829, 836, 590 P.2d 85, 92 (1978):

It is a matter of common understanding that definitional provisions do not purport to prescribe what meanings shall attach to the defined terms for all purposes and in all contexts but generally only establish what they mean where they appear in that same act.

██ Although under *Maguire* statutory definitions are generally limited to the same title, chapter or act, there is good reason to look to the definition of "private property open to the public" found in section 49–117(15) to interpret the DUI statute. There is a close interaction between the Title 49 statutes and similar statutory provisions in Title 18, particularly the DUI provision found in section 18–8004. The statutes relate to the same subject matter and on occasions have been addressed by the legislature at the same time. After the DUI statute was transferred from the motor vehicle code to the criminal code in 1984, the legislature amended statutes in both the motor vehicle code and the criminal code with the phrase "private property open to the public" in the same bill. 1987 Idaho Sess. Laws ch. 208, §§ 2–4, p. 441.

Idaho Code § 73–113 indicates that words and phrases used in the Idaho Code are to be "construed according to the context and approved usage of the language." Given that identical terms are used in the statutes, and the legislature amended the relevant phrase to statutes in both Title 49 and Title 18 in the same bill after the DUI statute was transferred to the criminal code, the "context and approved usage" of the relevant phrase indicates that its meaning is the same in both titles.

**480**

At the time of the offense charged, section 18–8004 provided that it is a crime to drive or be in actual physical control of a motor vehicle "whether upon a highway, street or bridge, or upon public or *private property open to the public.*" I.C. § 18–8004(1)(a) (Supp.1996) (emphasis added). Section 49–117(15) defined "private property open to the public" to mean real property not owned by the federal government or the state of Idaho or any of its political subdivisions, but is available for vehicular traffic or parking by the general public with the permission of the owner or agent of the real property. I.C. § 49–117(15) (Supp.1996). The definition in section 49–117(15) (now section 49–117(16)) is applicable to the phrase "private property open to the public" used in section 18–8004. Knott was on a private residential driveway at the time of the alleged offense. The fact that social guests and persons with business at the residence are permitted to use the driveway does not make it property available to the general public for vehicular traffic or parking. The residential driveway was not "private property open to the public" within the meaning of section 18–8004. This is consistent with the statement of purpose that accompanied the 1980 amendments to the DUI and reckless driving statutes.

### IV.

### CONCLUSION

The decision of the magistrate court finding Knott guilty of driving under the influence is reversed.

Chief Justice TROUT and Justices SILAK, WALTERS, and JOHNSON, PRO TEM, CONCUR.