**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37112**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 742** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 13, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL J. BULKLEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge. Thomas D. Kershaw, Jr., Magistrate.

District court's appellate decision affirming judgment of conviction for driving under the influence, <u>affirmed</u>.

Michael H. Felton, Jr., Buhl, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

PERRY, Judge Pro Tem

Michael J. Bulkley appeals from the district court's decision on appeal affirming the magistrate's finding that Bulkley was guilty of driving under the influence. I.C. § 18-8004. We affirm.

On November 2, 2008, Twin Falls Police Officer Loosli observed a vehicle parked in the Swensen's parking lot around 2:20 a.m. Loosli approached the vehicle and observed Bulkley lying down in the driver's seat with the engine running. Loosli had Bulkley perform field sobriety tests and thereafter arrested Bulkley for DUI. At the Twin Falls County Jail, Bulkley submitted to a blood alcohol test (BAC) which indicated a reading of .15.

At trial before the magistrate, the parties stipulated that Bulkley was in his vehicle with the engine running at the date, time, and general location listed in the complaint. The parties further stipulated the parking lot was private property and to the BAC reading obtained from Bulkley. The issue litigated was whether Bulkley was parked on "private property open to the

1

public" as required under the DUI statute. Following testimony by Officer Loosli, the magistrate determined that Swensen's parking lot met the statutory definition and found Bulkley guilty of DUI. The magistrate entered a judgment of conviction. Bulkley appealed to the district court which affirmed the magistrate's findings and Bulkley's judgment. Bulkley appealed to this Court.

On appeal Bulkley asserts there was insufficient evidence introduced to support the magistrate's finding that Bulkley's vehicle was on private property open to the public pursuant to I.C. § 18-8004. The state responds that the district court, in its appellate capacity, correctly concluded that there was substantial and competent evidence presented at trial to support the magistrate's finding.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code Section 18-8004(1) requires that in order to find a motorist guilty of driving under the influence, the motorist must be "upon public or private property open to the public." In this case the parties below stipulated that Swensen's parking lot was private property.

2

Although the state presented evidence attempting to show that Bulkley's vehicle was partially parked within an alley, and therefore on public property, the magistrate found the evidence insufficient to support such a finding. The state has not appealed the magistrate's finding in that regard. Accordingly we only address whether the state introduced substantial and competent evidence to support the magistrate's finding that Swensen's parking lot is private property open to the public.

In support of his position Bulkley relies heavily on *State v. Knott,* 132 Idaho 476, 974 P.2d 1105 (1999). In *Knott*, the Idaho Supreme Court determined that a private residential driveway was not private property open to the public within the meaning of I.C. § 18-8004. Bulkley asserts the controlling rule set forth in *Knott* as "The fact that social guests and persons with business at the residence are permitted to use the driveway does not make it property available to the general public for vehicular traffic or parking." *Id.* at 480, 974 P.2d at 1109. Therefore, according to Bulkley, the state was required to show that Swensen's had extended a personal invitation to Bulkley to be on its private property. We are unpersuaded.

The only witness called at trial in this matter was Officer Loosli. Through his testimony, four photographs depicting the parking lot and signage were also introduced. Loosli testified that he was familiar with the Swensen's parking lot on a professional basis prior to November 2, 2008. Based on his familiarity, Loosli testified generally to the following facts: The parking lot is not fenced in and is surrounded by three public streets and a public alleyway. From the pictures of the parking lot admitted at trial, it is apparent that Swensen's is not a private residence but rather a commercial business. There is a pay phone located on the south end of the building which the general public has access to. There is also a pop machine on the north end of the building and Loosli testified that he has seen people walking to both the phone and the pop machine. Although there was no testimony concerning the hours of operation of Swensen's, Loosli testified that he has seen motor vehicles in the parking lot during hours of operation and also when the business was not in operation. He further testified he believed that any member of the general public that wanted to patronize the store could come onto the property.

Introduced as state's Exhibit A was a photograph of a sign posted on a pole within the parking lot. That sign stated: "IMPROPERLY PARKED ABANDONED AND UNAUTHORIZED VEHICLES WILL BE REMOVED AT OWNERS EXPENSE REMOVED VEHICLES TOWED TO: HIGHWAY 30 GARAGE AUTO REPAIR AUTO PARTS 24 HOUR

3

TOWING PHONE 734-7094." No witness was called to explain Swensen's intent in posting such a sign. However, Loosli testified that his general understanding was that businesses were required by law to have a sign posted in order to remove any vehicles from their property.

In a well-reasoned written opinion the district court in this case traced both the legislative history and appellate case law for the applicable statute. In doing so, the district court reviewed this Court's decisions in *State v. Gibson,* 126 Idaho 256, 881 P.2d 551 (Ct. App. 1994) and *State v. Schmitt,* 144 Idaho 768, 171 P.3d 259 (Ct. App. 2007) along with our Supreme Court's intervening decision in *Knott.* We agree with the district court's analysis. The law has long recognized that the parking lots of restaurants, shopping centers, bars, grocery stores, gas stations, and other commercial businesses are included in the definition of private property open to the public. As the district court reasoned, the sign posted by Swensen's did not withdraw its general permission to the public to use its parking lot. It simply stated that a vehicle that is improperly parked or abandoned within the lot can be removed. As concluded by the district court, the state was not required to show that Swensen's had given express or implied permission to Bulkley to use its parking lot. Bulkley's vehicle was not shown to be improperly parked or abandoned. Bulkley was inside his vehicle with the engine running. Loosli testified that Swensen's "is such an establishment that any member of the general public that wanted to patronize the store could come onto the property." As noted by the district court, this case is clearly distinguishable from *Knott* where the defendant was arrested on the driveway of a private residence. We agree with the district court that there was substantial and competent evidence to support the magistrate's finding that Swensen's parking lot is "private property open to the public" as defined by the applicable statute. Bulkley has failed to show error in the district court's decision.

The order of the district court affirming the magistrate's finding that Bulkley was guilty of driving under the influence is affirmed.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**

4